GEORGE W. MOULDIN v. L. M. RICE, S. T. RICE, AND ESTELLA BRADFORD.

(Filed September 5, 1907.)

(91 Pac. 1032.)

**VENUE—Action to Recover Real Estate—County of Defendant's Resi-
dence.** By virtue of section 10 of the organic act of this terri-
tory, an action to recover the possession of real estate must be
instituted in the county where the defendants or either of them
reside or may be found.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H.
Burford, Trial Judge.*
Affirmed.

*Devereux & Hildreth,* for plaintiff in error.
*Cotteral & Hornor,* for defendants in error.

PER CURIAM: This was an action brought in the district
court of Logan county by L. M. Rice, S. T. Rice, and Estella
Bradford against George W. Mouldin, a resident of Logan county,
to recover the possession of a quarter section of land situated in
Garfield county, Oklahoma. To this petition the defendant inter-
posed a demurrer, on the ground that the court had no jurisdic-
tion of the subject-matter of the action, and because the petition
failed to state facts sufficient to constitute a cause of action. This
demurrer was overruled, to which action the defendant at the time
duly excepted, declined to plead further, and elected to stand upon
the demurrer. Thereupon the court entered judgment upon the
pleadings in favor of the plaintiff and against the defendant, to
recover the possession of the land, as prayed for in the petition,
from which ruling and judgment the defendant brings the case
here for review on a certified transcript of the record.

There was no error in overruling the demurrer to the petition, since the court had jurisdiction of the subject-matter of the action, and the petition stated facts sufficient to constitute a cause of action for the recovery of real estate under our code. On the question of jurisdiction of the subject-matter of the action, the case of *Burke v. Malaby*, 14 Okla. 650, 78 Pac. 105, is decisive, in which case it was held that:

"An action affecting an interest in real estate in this territory, where the real estate is situated in one county and the defendant resides in a different county, must be instituted in the county where the defendant resides."

In this case the defendant resided in Logan county, and the right of the plaintiffs' action depended upon the interpretation of an ante-nuptial marriage contract.

We therefore hold that the court had jurisdiction of the subject-matter of the action, and that the petition stated facts sufficient to constitute a cause of action, and the defendant's demurrer was therefore properly overruled.

The judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.