ROYAL AMUSEMENT CO. v. COLUMBIA PIANO CO. (No. 5375.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1914.)

1. VENUE (§ 15*)—ANCILLARY PROCEEDINGS.

Where an injunction applied for is merely ancillary to the main purpose of the suit, the suit is not one for an injunction within Rev. St. 1911, art. 4653, providing that writs of injunction to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where the suit is pending or such judgment was rendered, but that writs of injunction in other cases, if the party against whom it is granted be an inhabitant of the state, shall be returnable to and tried in the district or county court of the county in which the party has his domicile, etc.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 22; Dec. Dig. § 15.*]

2. VENUE (§ 15*)—ANCILLARY PROCEEDINGS.

Rev. St. 1911, art. 1830, subd. 5, provides that where a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile, and subdivision 7 declares that suit for fraud may be instituted in the county in which the fraud was committed, or where defendant has his domicile. Held, that where defendant induced plaintiff to purchase an orchestral piano by false representations that it was new, when in fact it was old and shop-worn, and defendant also agreed to keep it in repair at plaintiff's theater in B. county, which defendant failed and refused to do, plaintiff was entitled to sue defendant in B. county for a rescission of the sale and a temporary injunction returnable there as ancillary relief restraining defendant from transferring or suing on unpaid purchase-money notes, pendente lite.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 22; Dec. Dig. § 15.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by the Royal Amusement Company against the Columbia Piano Company. From an order denying a motion for temporary injunction, complainant appeals. Reversed, and temporary injunction granted.

Hicks & Hicks & Teagarden, and Chas. M. Dickson, all of San Antonio, for appellant. Carlos Bee and C. C. Todd, both of San Antonio, and Henry Paulus, of Yoakum, for appellee.

MOURSUND, J. This is an appeal from an order refusing to grant a temporary injunction upon appellant's petition, which contained, in substance, the following allegations: That on or about August 5, 1913, Columbia Piano Company, acting through its president, Jas. R. Saunders, a resident of De Witt county, and plaintiff, by its agent, Wm. Eppstein, entered into a written contract whereby said Columbia Piano Company sold for installation in the Royal Theater a certain Style K Wurlitzer motion picture orchestra, with attachments, binding itself to deliver and install said instrument and keep same in perfect repair and tune for three years from date of installation without cost to plaintiff; that plaintiff paid defendant the $450 mentioned in said contract, and executed its 33 notes payable to defendant, each for $125, one payable each month beginning one month from October 2, 1913, and that defendant is now the owner and holder of the notes; that plaintiff paid defendant said notes to the amount of $750 as they became due; that it was represented and understood that said instrument would be new and not shop-worn; that an instrument of the style mentioned was delivered to plaintiff and installed by defendant about October 2, 1913; that about March, 1914, the instrument got out of repair and tune, and plaintiff requested defendant to repair same, and defendant sent a man to San Antonio ostensibly to repair same, but that he did not do so, and shortly after the man left San Antonio defendant notified plaintiff that it would not then or in the future keep the instrument in repair or tune; that said contract contemplated that part of it was to be performed in San Antonio, Bexar county, Tex.; that the instrument's being out of repair was not caused by any fault of plaintiff; that plaintiff had it repaired, but afterwards it again got out of repair, and if repaired will continue to get out of repair because it is a complicated piece of machinery, and it was well known to both parties and contemplated at the time of the contract that it would get out of repair, and the agreement to keep it in repair was the paramount consideration to plaintiff, without which it would never have purchased such an instrument; that plaintiff, at the time of the purchase and since, has been unfamiliar with such instruments as the one purchased, and has only recently discovered that, instead of being a new and unused instrument as contracted for, the one sold plaintiff by defendant was shopworn and used, and was not in perfect condition when sold to plaintiff, all of which was known to defendant at the time of entering into the contract and delivering the instrument; that defendant at the time of entering into the contract falsely and fraudulently represented in San Antonio, Bexar county, Tex., that a new and unused instrument would be furnished, knowing at

the time that it did not intend to deliver a new and unused instrument to plaintiff, but intended to deliver a used and worn instrument, worth less than a new and unused instrument, and for these reasons defendant has also breached its contract with plaintiff, since plaintiff says that the actual agreement was that defendant should deliver a new and unused instrument; that several of the notes are past due and defendant is threatening to sue on them in justice's court in De Witt county, and has actually sued on one and obtained judgment, and threatens to sue on the other notes, to the number of about 25, as they become due, and thus make a multiplicity of suits in a forum whose jurisdiction will not authorize or allow plaintiff its damages or remedies here sought; that plaintiff is entitled to $750 damages paid for human orchestra, $300 for repairs, and $1,500 paid on the contract and notes, and to have all its notes to defendant canceled and the contract annulled, and it tenders the instrument to defendant, for all of which it prayed, as well as for a temporary injunction restraining defendant from transferring any of the unpaid notes and from filing any suit or suits upon any of said notes in any other court than in this particular suit.

It will not be necessary to copy the entire contract, a copy of which was attached to the petition as an exhibit. Its provisions have been substantially set out in stating the allegations of the petition. The description of the instrument as contained therein is as follows:

"One Style 'K' Wurlitzer Motion Picture Orchestra with Xylophone and Vox Humana attachments complete, including all necessary motors, electrical attachments," etc.

It was to be installed by defendant in the Royal Theater in San Antonio, in such manner as to comply with all the requirements of the city of San Antonio pertaining to installation of electrical appliances, etc. The provision with respect to repairs reads as follows:

"Party of first part further agrees to keep said instrument in absolutely perfect repair and tune for the term of three years from date of installation and acceptance without cost to said party of the second part."

[1, 2] No answer was filed by defendant. In the argument filed in this court in its behalf the statement is made that it filed a plea of privilege to be sued in De Witt county, which the court had before him when he made the order appealed from, but no such plea appears in the record. The court in his order states that he refuses to grant the petition because he is of the opinion that subdivision 3 of article 4643, Revised Statutes of 1911, precludes the granting of a writ returnable to any other court except under the circumstances set out in that article, and plaintiff does not show itself to come within the exception entitling the granting of a writ returnable to another court, and also because article 4653 makes writs of injunction in cases such as this returnable to and triable in the proper court of the domicile of the defendant, which in this case is not Bexar county. We cannot agree with the construction placed upon the statutes by the trial court. Where the injunction applied for is merely ancillary to the main purpose of the suit, the suit cannot be regarded as a suit for injunction, in the purview of article 4653 (statutes of 1911). The preceding sentence is almost a literal quotation of a statement made by the Court of Civil Appeals of the First District in the case of I. & G. N. Ry. v. Anderson County, 150 S. W. 248. In this case the allegations of the petition show venue under exceptions 5 and 7 to article 1830. We must therefore assume that a case was presented which the trial court could try, and which plaintiff was entitled to have tried unless the trial court's construction of our injunction statutes is correct. Incidentally an injunction was prayed for to keep defendant from doing acts pending litigation which would impose hardships upon plaintiff and tend to render ineffectual such judgment as he might obtain. We are of the opinion that in such a case article 4653 does not apply, and that plaintiff was entitled to the injunction prayed for by it.

The order refusing the injunction is reversed, and the cause remanded, with instructions to the district judge to enter an order granting plaintiff the temporary injunction prayed for by it. The temporary restraining order entered by this court is to remain in full force and effect until the issuance of the mandate of this court.