EVANS v. HUDSON et al.    (No. 6120.)

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1919.)

1. TRESPASS TO TRY TITLE ⬥⟾32—PETITION IN SUBSTANTIAL COMPLIANCE WITH STATUTE.

A petition, alleging plaintiff's ownership in fee simple of land, that defendant was in possession thereof and forcibly detaining it from plaintiff, with facts showing plaintiff's right to possession, though not literally complying with the fiction prescribed by Rev. St. art. 7733, for petition in trespass to try title, and not containing the indorsement required by article 7734 substantially complies with those statutes and shows the suit to be for recovery of land.

2. TRESPASS TO TRY TITLE ⬥⟾33—PETITION TO SUPPORT AMENDMENT.

A petition substantially complying with the requirements of a petition in trespass to try title prescribed by Rev. St. art. 7733, though not literally complying therewith, is sufficient to support an amended petition containing all the allegations of fact required by that article.

3. INJUNCTION ⬥⟾111—VENUE ⬥⟾5(3)—TITLE TO LAND AND ANCILLARY INJUNCTION.

The venue of a suit which was primarily to recover possession of land, though injunction is asked as relief ancillary to the main suit, is governed by Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 14, permitting suit for the recovery of land to be brought in the county where land is situated, not by article 4653, requiring suits for injunction to be brought in the county of defendant's residence.

4. VENUE ⬥⟾5(3)—PETITION SHOWING INJUNCTION TO BE ANCILLARY TO RECOVERY OF LAND.

An original and amended petition, which alleged plaintiff's ownership of the land and its detention from him by defendants, and prayed for title and possession of lands and also for an injunction to restrain rounding up and driving off cattle from the land and damaging windmills thereon, states a cause of action to recover land in which the injunction is merely ancillary to the main relief.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Suit by Chas. H. Evans against W. A. Hudson and others. From an interlocutory order dissolving a temporary writ. of injunction previously granted, plaintiff appeals. Reversed and remanded.

Wardlaw & Elliott, of Sonora, for appellant.

BRADY, J. This is an appeal from an interlocutory order, dissolving a temporary writ of injunction previously granted upon appellant's application, in this cause. The suit was instituted by appellant in the district court of Tom Green county, Tex., for the recovery and possession of certain lands situated in Tom Green, Schleicher, Menard, and Concho counties, and appellant prayed for a temporary writ of injunction, which was granted, and the writ duly served upon appellees. W. A. Hudson, one of the appellees, filed a motion to dissolve the injunction, raising by exception the point that the district court of Tom Green county was without jurisdiction of either the defendants or the subject-matter of the suit. It was urged that defendant W. A. Hudson resided in Menard county, Tex., and that the defendant F. E. W. Hudson resided in San Saba county, Tex., which facts were shown on the face of the petition.

The court sustained the exception to the jurisdiction of the court, upon the ground that the suit was one primarily for injunction, and dissolved the injunction theretofore granted, but allowed plaintiff leave to amend, over the exception of defendants. Thereupon appellant filed his first amended original petition; and appellees answered, excepting to the court's action in granting leave to amend, and renewed their exception to the jurisdiction of the court, upon the ground that the venue of the cause was in Menard or San Saba county, and not in Tom Green county, where it had been instituted. It was further claimed that the court having previously sustained the first exception to the petition, because it had no jurisdiction over the defendants, should have dismissed the case, or should have transferred it to the district court of Menard county, and that the court erred in retaining jurisdiction and venue, especially because appellant had set up an entirely new cause of action. The exception was sustained, and the writ of injunction dissolved; but the court provided that his order should not have the effect to suspend the injunction pending an appeal, provided appellant should file his supersedeas bond in the sum of $2,500, which was properly executed and filed.

### Opinion.

Under his first assignment, appellant makes the proposition that, where the injunction applied for is merely ancillary to the main purpose of the suit, the cause is not a suit for injunction within the meaning of article 4653 of Vernon's Sayles' Civil Statutes, and the jurisdiction, where the title and possession of land, or to stay waste on land, is involved, is controlled by article 1830, subd. 14, of such statutes. The articles referred to read as follows:

"Art. 4653. * * * Writs of injunction, * * * if the party against whom it is granted be an inhabitant of the state, it shall be returnable to, and tried in, the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts: If there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

Article 1830 is the general venue statute, which provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in certain cases. Subdivision 14 is one of the exceptions, and provides that—

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay was on lands, must be brought in the county in which the land, or a part thereof, may lie."

Chapter 1, tit. 128, Revised Statutes, prescribes the method of trying titles to lands by action of trespass to try title, and article 7733 prescribes the requisites of a petition in such case.

Appellant concedes that the original petition did not literally comply with the fiction prescribed in article 7733, as to possession by appellant of the premises, and subsequent dispossession by appellees, and also was defective in not complying with article 7734 of the same chapter, requiring the plaintiff to indorse on his petition "that the action was brought as well to try the title as for damages." No exception was made below to the failure to so indorse the petition. Appellant contends, however, that his petition was in substantial compliance with the statutes regulating the action of trespass to try title, and that the defects indicated did no prevent his suit being substantially one to try title and for possession of the premises claimed. He cites the following cases, which seem to support the contention: Seay v. Fennell, 15 Tex. Civ. App. 261, 39 S. W. 181; Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865; Rains v. Wheeler, 76 Tex. 393, 13 S. W. 324; Sanders v. Rawlings, 77 S. W. 41; Dangerfield v. Paschal, 20 Tex. 536.

[1] We think the fair construction of the averments in the original petition is that appellant sued appellees for the title and possession of the land described. The petition expressly alleges that he was at the date of the filing of the petition the legal and equitable owner, and seized in fee simple in his own right, of the lands; that the defendant W. A. Hudson was in possession of the land; and that he failed and refused to vacate and deliver the possession, and was forcibly detaining the possession thereof from appellant. Appellant also alleged facts

which, if true, show him entitled to the possession, and, in connection with the allegations mentioned, alleged facts as a basis for equitable relief, and prayed for an injunction against defendants to restrain them from rounding up and driving off certain live stock which appellant had placed upon the land, and from damaging certain windmills thereon, and from interfering with the access of the live stock to watering places. His prayer was for the title and possession of the lands, for a perpetual injunction, and for general relief.

[2] The amendment contained substantially all the original allegations, but more specifically alleged facts to comply with the trespass to try title statute. As we have indicated, we think the original petition was a substantial compliance with such statute; but, if not, it was clearly an action for the recovery and possession of the land. The petition was defective, at most, in failing to state a technical action of trespass to try title, and, we think, was sufficient to authorize the trial court to allow an amendment to supply the deficiencies, under the authorities above cited.

[3] It only remains to be considered whether the suit as filed and the amendment to the petition were primarily a suit for injunction in which case it would be controlled by article 4653, or whether the relief sought in the prayer for injunction was merely ancillary to the main suit, in which instance the venue would be controlled by the fourteenth subdivision of article 1830.

In the following cases it has been held that, where the injunctive relief is sought merely as ancillary to the main suit, article 4653, the injunction statute, does not apply: I. & G. N. Ry. Co. v. Anderson County, 150 S. W. 239; Id., 106 Tex. 60, 156 S. W. 499; Royal Amusement Co. v. Columbia Piano Co., 170 S. W. 278; Palmer v. Jaggaers, 180 S. W. 907; Parsons v. McKinney, 63 Tex. Civ. App. 617, 133 S. W. 1085. We believe they announce the correct rule, and that if this is a suit for the recovery of lands or damages thereto, or to quiet the title to land, or to prevent or stay waste on lands, it must be brought in the county in which the land or a part thereof may lie, as provided in subdivision 14 of article 1830.

[4] Our conclusion is that both the original and amended petitions stated a cause of action within the purview of the latter article, and the suit was properly brought in Tom Green county, where a part of the land was situated. We have no doubt that the primary purpose of this suit was to recover the land described in the petition and the possession thereof, which it was alleged defendants were withholding.

For these reasons, we believe the trial court erred in sustaining appellee's special exception to the amended petition, and also in dissolving the temporary injunction, upon the ground of a want of jurisdiction, and because of the supposed error in permitting appellant to amend his pleading. The case will be reversed and remanded for trial in accordance with this opinion.

Reversed and remanded.