## PERRY v. JAGGERS. (No. 690.)

Court of Civil Appeals of Texas. Waco.
July 5, 1928.

Rehearing Denied Sept. 20, 1928.

Chandler & Chandler, of Stephenville, for appellant.

A. R. Eidson, of Hamilton, for appellee.

. GALLAGHER, C. J. This suit was instituted by appellee, W. J. Jaggers, against appellant, T. B. Perry, in the district court of Hamilton county. Appellee alleged that he owned a certain tract of land, situated in Bosque, Hamilton, and Erath counties, lying in part on each side of the county line road running between said two last-named counties; that said county line road ran from his said tract of land for a distance of about two miles and intersected the Duffau and Hico road. He alleged that said road had been dedicated to public use by the owners of the lands over which the same ran more than 40 years ago, and that it had been used and traveled as such ever since such dedication. He further alleged that said road had been used and traveled by the public under a claim of right adverse to the owners of the lands over which it ran for more than 50 years, and that he and the public had acquired a prescriptive right to so use the same. He further alleged that appellant owned certain lands immediately west of his land, consisting of a tract of 47 acres on the south side of said road, and a tract of 50 acres on the north side thereof; that appellant acquired said tracts of land long after said roadway had been dedicated and set apart for public use by prior owners of said lands; that at the time he so acquired said respective tracts of land said road was fenced as a lane, and said two tracts separated thereby, and that appellant had notice of the rights of the public in said lane at that time. He further alleged that appellant had placed a gate across said road, and threatened to plow up the right of way and prevent the public from using the same. He prayed for an injunction restraining appellant from closing said road or obstructing the same in any way, and requiring him to remove said gate and all other obstructions therefrom.

Appellant denied that the road in controversy had become public either by dedication or by prescription. He alleged that he desired from time to time to pasture his said two tracts of land; that it was necessary to the free use and full enjoyment of the same that they both be within one inclosure without dividing fences; that said roadway, if public, had been acquired without expense to either county; that the same was only a third-class road and that he had a lawful right to place gates across the same; that, if the public had acquired a right to use said road by prescription, he owned the fee in the land over which the same ran, and

as such owner had a lawful right to place gates across the same.

The case was tried in term time before the court. Both parties appeared and announced ready. The court, after hearing the evidence, entered a decree perpetually enjoining and restraining appellant from fencing, closing, or in any way obstructing said road from appellee's land across appellant's land to its intersection with said Duffau and Hico road, and commanding appellant to remove the gate which he had erected over and across said road, and to remove therefrom any and all other obstructions placed on or across the same. Appellant excepted to said judgment, perfected an appeal therefrom, and presents the same to this court for review.

## Opinion.

■ Appellant contends that the court erred in rendering a final judgment granting a perpetual injunction herein. Appellee in his petition prayed in general terms for an injunction, without specifying whether the injunction sought was to be temporary or perpetual. The court being then in session, the judge set said petition for hearing and caused a copy thereof to be served on appellant. While appellant, in the opening clause of his answer, referred to said petition as an application for a temporary injunction, said answer was filed without reservation. It contained a denial of appellee's allegations and an affirmative presentation of appellant's defenses thereto. Appellant announced ready, and participated without objection in a trial of the case on its merits. Appellant cannot on appeal complain for the first time of such trial, Huffman v. Alexander (Tex. Civ. App.) 276 S. W. 959, 960, par. 1.

■ Appellant contends that this suit is purely one for injunction, and that the district court of Hamilton county was without jurisdiction to hear and determine the same. He invokes in support of such contention Revised Statutes, art. 1995, subd. 30, which provides that when, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, such provision shall control, and Revised Statutes, art. 4656, which, so far as applicable, provides that writs of injunction shall be returnable to and tried in the county of the defendant's residence. While the specific relief prayed for by appellee was the opening of said road by the removal of the gate and other obstructions placed therein by appellant, this suit involved the existence of an easement over the lands of appellant, which lands were situated in part in Hamilton county. It also involved a mandatory order commanding appellant to remove such gate, which was situated partly in said county, and the erection of which was as to the traveling public a trespass on said lands over which the court necessarily determined said easement existed. Potential jurisdiction of the subject-matter of the suit is conferred upon said court by the Constitution and laws of this state. The statutes relied on relate to the jurisdiction of the court over the person of appellant, and, if applicable, merely confer on him the privilege of having the suit tried in the county of his residence. The issue raised by appellant's contention is not one of potential jurisdiction, but one of venue only. International & G. N. Ry. Co. v. Anderson County, 106 Tex. 60, 66, 67, 156 S. W. 499; Evans v. Hudson (Tex. Civ. App.) 216 S. W. 491, 493. Such issue cannot, therefore, be raised for the first time on appeal.

Appellant by a group of propositions contends that the evidence introduced was insufficient to support the judgment of the court, in that it failed to show a dedication of the roadway involved herein to public use, and failed to show that the public had acquired a right by prescription to use the same. The testimony showed that said road ran from a crossroad on the east to the Duffau and Hico road on the west; that it was first laid out about the year 1879, by the people living in that vicinity and owning the lands through or along which it ran; that most of the country was then open; that said road was cut through timber on the land now owned by appellant. One witness testified that, as the country was settled up and the lands put in cultivation, each abutting landowner, as he fenced his land, set his fence back and gave his part of said road. The testimony further showed that, while there was little travel on said road to the eastward, and the same was gated on that end, where it went through pastures, prior to the recent obstruction of the same by appellant, it had been open continuously all the way from appellee's place westward, and that that part of the same had been fenced as a lane for about 35 years; that as old fences rotted down they were rebuilt; that said road had been worked by the people living in the neighborhood from time to time since it was first laid out; that said road was recognized by the community as a public road. Appellee testified that he had lived on his said tract of land for about 13 years; that said road was open from his place westward at the time he came, and had the appearance of being an old road; that the party who owned the south tract of the land now owned by appellant rebuilt his fence shortly thereafter and at that time recognized the travel over said road; that the land now owned by appellant lying north of said road belonged at the time to another party; that said road was the only direct route from his place to Hico.

Appellant testified that he owned the tracts of land abutting on each side of said road at the point in controversy; that he purchased one in 1919 and the other about a year before

the trial; that his place would be more valuable if there were no cross-fences between the two tracts; that such condition would obviate the necessity of opening the gates as he passed to and fro in cultivating his land, and would permit his stock,when he pastured the same, to pass from one tract to the other, there being water on only one of said tracts; that the road in controversy was from 14 to 18 feet wide; that he had known the land he now owns for about 21 years, and the road was there in a lane and recognized by the public as an open road all that time. There was little, if any, contradiction of the foregoing testimony. County commissioners of each of said counties testified that the road in controversy had not within their knowledge been recognized by either county as a public road, and that no overseer had been appointed nor hands assigned to work said road by either of the said counties.

■ The finding of the court in favor of appellee being general, every issuable fact must be considered as found in his favor, if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention, and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited. While the evidence above recited is largely circumstantial, we think it is ample to raise the issue of dedication, and to support an implied finding by the court that a dedication of said roadway to public use had in fact been made. Compton v. Waco Bridge Co., 62 Tex. 715, 722; Money v. Aiken (Tex. Civ. App.) 256 S. W. 641, 642 (writ dismissed), and authorities there cited; Elliott on Roads and Streets (4th Ed.) §§ 174, 175; Shahan v. Northern Texas Traction Co. (Tex. Civ. App.) 266 S. W. 850, 853; City of Dublin v. Barrett (Tex. Civ. App.) 242 S. W. 535, 536; Bellar v. City of Beaumont (Tex. Civ. App.) 55 S. W. 410, 411. Such evidence is also ample to raise the issue of a prescriptive right in the public to the use of said road, and to support an implied finding by the court that such right existed. Compton v. Waco Bridge Co., supra, pages 720 and 722; Phillips v. T. & P. Ry. Co. (Tex. Com. App.) 296 S. W. 877, 880, and authorities there cited; Money

v. Aiken, supra, page 642, pars. 3-5, and authorities there cited; G., C. & S. F. Ry. Co. v. Bluitt (Tex. Civ. App.) 204 S. W. 441, 442 (writ refused); G., C. & S. F. Ry. Co. v. Bryant (Tex. Civ. App.) 204 S. W. 443 (writ refused); City of Dublin v. Barrett, supra; Leonard v. Rogers (Tex. Civ. App.) 281 S. W. 226; Heard v. Bowen (Tex. Civ. App.) 184 S. W. 234, 235, 236 (writ refused). All said propositions are overruled.

■ Appellant claims that the erection of gates across said roadway is not an unreasonable exercise of his rights as owner of the fee, and that the court erred, under the facts of this case, in ordering him to remove the same. It appears from the evidence that for a long period of time, varying according to the testimony of different witnesses from 30 to 35 years, said road at the point in controversy has been situated between tracts of land owned by different parties, and that the same has been fenced as a lane practically all that time; that since the opening of said road, in or about the year 1879, until about a year before the trial, when appellant acquired his north tract abutting on said road, the same had been from appellee's premises westward to the Hico road an open thoroughfare, used by the traveling public without let or hindrance, and worked from time to time by parties interested in maintaining the same in condition for travel, and generally recognized in that community as a public road; that no one during all that time claimed a right to obstruct the same, with gates or otherwise, until such right was asserted by appellant after he acquired his north tract, when he became for the first time the owner of the land abutting on both sides of said road. Whether the right of the traveling public in and to the use of such roadway was acquired by dedication or by prescription, the right so acquired was a right to an open roadway, free from gates or other obstructions. Appellant cannot diminish or restrict such right merely because he has acquired the land on both sides of said roadway, and finds that it would serve his convenience to abolish the open road and substitute a gated passway in its stead. The authorities cited and relied on by appellant relate to private ways of convenience or necessity, and not to public roads or highways, regardless of how the right of the traveling public to the use of same was acquired.

The judgment of the trial court is affirmed.