## SINCLAIR PRAIRIE OIL CO. et al. v. DISTRICT COURT OF OKLAHOMA COUNTY et al.

No. 27678. June 15, 1937.

Rehearing Denied July 13, 1937.

Edward H. Chandler, Summers Hardy, Paul B. Mason, T. H. Hammett, and Miley, Hoffman, Williams, France & Johnson, for plaintiffs.

J. D. Lydick, R. F. Barry, and C. E. B. Cutler, for defendants.

BAYLESS, V. C. J. There has been filed in this court by petitioners a petition for a writ of prohibition to be directed to the district court of Oklahoma county, and to the Honorable Lucius Babcock, as judge thereof, prohibiting it and him from further proceeding with the trial of an action therein pending, and numbered 91578, wherein Elda Audrey Graves, as plaintiff, has sued the Sinclair Prairie Oil Company, a corporation, and the Whitehill Oil Corporation, a corporation, as defendants; the contention here being that the venue of said action is by section 109, O. S. 1931, in Tulsa county, Okla., and that the district court of Oklahoma county, Okla., by reason of the nature of the action and the relief sought, is without jurisdiction thereof.

The petition of Elda Audrey Graves, as filed in said district court of Oklahoma county, alleges: That she is and has been at all times referred to therein as the owner of all the surface rights and of an undivided one-half interest in the oil, gas, and mineral rights in and to a certain tract of land situated in Tulsa county, Okla.; that the Whitehill Oil Corporation owns the remaining one-half interest in said oil, gas, and mineral rights; and that at all times referred to in her petition there has been located and situated upon said tract of land 16 producing oil wells, from which oil, gas, and casinghead gas is continuously produced in commercial and paying quantities.

She further alleges:

"* * * That wholly without any right, in fact, so to do and acting conjointly, the Sinclair Prairie Oil Company and the Whitehill Oil Corporation at all times referred to herein have been and now are causing all of said wells to be pumped and operated and they themselves are now so doing and thereby they have been and now are continuously producing oil, gas, and casinghead gas therefrom in large commercial and paying quantities and of great value. The Sinclair Prairie Oil Company is doing the actual pumping of said wells and when said oil, gas, and casinghead gas is thus produced, 15/16ths thereof is distributed between the two defendants and by them appropriated to their own use, the other 1/16th thereof being tendered to this plaintiff and which tender is by the plaintiff refused. The plaintiff says that in doing each and all of the things which it is herein alleged that either or both of the defendants do, each of said defendants is acting conjointly with the other and pursuant to an unlawful agreement between said defendants that each of said defendants shall do so. The plaintiff says that she has demanded that the defendants cease to do the aforesaid things, and they have refused to refrain from so doing. The plaintiff further says that unless restrained by the court the defendants will continue to do all the things which in this paragraph it is alleged they are now doing and that thereby she will be irreparably damaged. * * * That she has no adequate remedy at law. * * *"

The relief for which she prays is that there be granted a temporary injunction against both of the defendant companies by the terms of which they shall be enjoined from operating or pumping any of the wells, or taking the oil, gas, and casinghead gas therefrom. And that upon final hearing she have a permanent injunction to the same effect.

Section 109, surpra, provides:

"Actions for the following causes must be brought in the county in which the subject of the action is situated: * * * First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest. * * *"

The petitioners herein for the writ say, therefore, that if the suit of Elda Audrey Graves against them is brought for the recovery of the premises involved or of any estate or interest therein, or if the granting of the relief prayed by her involves the determination in any form of a right or interest in said premises, then the district court of Oklahoma county has no jurisdiction of the suit and the venue thereof is in Tulsa county, the county in which the premises are situated. And counsel for Elda Audrey Graves, representing the respondent herein, concede that the question for de-

termination herein is whether said suit comes within the provisions of section 109, supra, herein quoted.

The chief authority relied upon by counsel representing the respondent herein in support of the contention that the district court of Oklahoma county has jurisdiction of the aforementioned suit is Howard v. Berryman, 143 Okla. 258, 288 P. 605, and they say that said case is squarely analogous to said suit. With this contention we are unable to agree. In that case the question involved was the question of personal jurisdiction of a nonresident defendant, while here the question involved is one of jurisdiction of the subject matter. In short, the venue of the action.

The suit of Elda Audrey Graves, as her petition discloses, is one solely for injunctive relief to restrain the oil companies from operating or pumping any of the wells located on the premises described in her petition or taking the oil, gas, and casinghead gas therefrom. She alleges, by way of stating her cause of action, that she is the owner of all the surface rights and an undivided one-half interest in the mineral rights and that the defendant companies, wholly without any right, in fact, so to do, and pursuant to an unlawful agreement between themselves, are producing oil and gas from the 16 wells thereon in large and paying quantities. And that, unless the campanies are restrained from so doing, she will be irreparably damaged.

Having thus pleaded, she has, of course, necessarily tendered as an issue to be proved by her: (a) That she is the owner of all the surface rights and of an undivided one-half interest in the oil, gas, and mineral rights in the lands described; (b) that the defendant companies are wholly without right to do the acts of which she complains; (c) that by the commission of said acts of which she complains she will be irreparably damaged; and (d) that she has no adequate remedy at law. It is manifest, therefore, that in determining and disposing of the issues thus tendered the trial court will necessarily be compelled to determine and adjudge the right or interest of both Elda Audrey Graves and of the respective defendant companies in and to the real property described. And whether the action be one for the recovery of said real estate or of any estate or interest therein, we think it cannot be doubted that it does involve, and calls for, the determination in some form of rights and interests therein.

In Lakeland Ideal Farm & Drainage Dist. v. Mitchell (Fla.) 122 So. 516, plaintiffs sought to restrain continuing injury to the freehold and growing crops. The action was brought in the circuit court of Polk county, while the lands affected were in Hillsborough county. From an order overruling a demurrer to the bill, defendants appealed, and the order was reversed, with directions to the circuit court to enter an order sustaining the demurrer. In the opinion the court said:

"The primary purpose of the suit is to prevent continuing injury to the freehold and to the substance of complainant's estate, as well as to growing crops. The acts complained of amount to a tort for which an action quare clausum fregit would lie at law. The latter action is unquestionably local. See McMillan v. Lacy, 6 Fla. 526; Pittsburg, etc., Co. v. Jackson, 83 Ohio St. 13, 93 N. E. 261, 21 Ann. Cas. 1313. The acts of trespass complained of are alleged to have been committed in another jurisdiction upon lands located in such other jurisdiction. The principal relief sought in this case necessarily hinges upon the land and its ownership, and carries with it an inherent element of place or locality, and therefore is not, strictly speaking, an action based solely upon a jus in personam. While the injunctive decree sought by complainant would be in the nature of a decree in personam, it could be rendered only after a determination and adjudication, as a predicate for the decree, of the title to lands in another jurisdiction."

See, also, Columbia National Sand Dredging Co. v. Morton (App. D. C.) 7 L. R. A. (N. S.) 114; Cox v. Little Rock A. & M. R. Co. (Ark.) 18 S. W. 630; In Appeal of Thomas et al. (Pa.) 18 Atl. 875; Northern Indiana Railroad Co. v. Michigan Central Railroad Company, 5 How. 233, 14 L. Ed. 674; Ellenwood v. Marietta Chair Co., 158 U. S. 105, 39 L. Ed. 913; Ophir Silver Mining Co. v. Superior Court (Cal.) 82 P. 70; Dunn v. District Court of Carter County, 35 Okla. 38, 128 P. 114.

In the Dunn Case, supra, an action involving venue, T. H. Dunn and others applied to the Supreme Court of Oklahoma for a writ of prohibition to be directed to the district court of Carter county, Okla.; the contention of the petitioners for the writ being the venue of the action lay in Murray county, and that the district court of Carter county was without jurisdiction.

In passing upon the application for the writ, it was said:

"* * * The action (plaintiff's action)

458

sounds in tort, and relates not to damages or injury to or the recovery of any interest in and to the real property, but for damages or injury by reason of wrongful acts of defendants, resulting to the cattle of plaintiffs. * * * The doctrine is well stated in Mason v. Warner et al., 31 Mo. 508; the court in that case, in the syllabus, saying that 'injuries to persons and personal property are transitory, not local'. In the discussion of the case, Dryden, J., says: 'Actions are either transitory or local. They are said to be transitory where the actions on which they are founded might have taken place anywhere, but are local where their cause is in its nature necessarily local (Livingston v. Jefferson) 1 Brock, 209 (Fed. Cas. No. 8, 411). The distinction exists in the nature of the subject of the injury complained of, and not in the means by which, or the place at which, the injury was effected. My horse or my steamboat, being movable, is the subject of injury as well in one county as another, as well in one state as another; but this cannot be affirmed of my land, which is immovable. If an agister of cattle open a pit in his field, and negligently leaves it open, whereby my horse at pasture is permitted to fall into it and is killed, the means and place of injury are local, but the subject of the injury (the horse) is transitory, and capable of injury as well at one place as another. But if my horse trespass upon the agister's field, broke the close and tread down and eat his grass, here the means of injury (the horse) is movable, transitory; but the subject of the injury (the realty) is immovable, local, and therefore is not capable of being injured at any other place. The counsel for the defendant seems not in his brief to have taken this distinction, but to have fallen in the error of making the means of the injury, rather than nature of the subject of it, the test of whether the action is local or transitory.' The same error into which counsel in that case fell, it seems to us, is the identical one into which counsel in the case at bar have fallen. The cattle of plaintiffs could as well have been the subject of injury in one county as another; and where that is the case the action is transitory, and may be brought wherever service may be had upon the defendants. On the other hand, if injury had been done to the possession or interest of the plaintiffs in the land itself, and action had been brought to recover for this damage or interest in Carter county, then the action of prohibition which plaintiffs have here brought would lie."

We conclude, therefore, that the district court of Oklahoma county, and the Honorable Lucius Babcock, as judge thereof, should be prohibited from further proceeding in said cause numbered 91578, and it is so ordered.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BUSBY, J., absent.