The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Petitioner,

v.

The SUPERIOR COURT OF CREEK COUNTY, Oklahoma, DRUMRIGHT DIVISION, and The Honorable G. B. (Chuck) Coryell, the Judge thereof, Respondents.

No. 39703.

Supreme Court of Oklahoma.

Dec. 19, 1961.

As Corrected Jan. 30, 1962.

Rehearing Denied Jan. 30, 1962.

Rainey, Flynn & Welch, Oklahoma City, and Charles E. Daniel, Drumright, for petitioner.

Doyle Watson, Drumright, Wheeler & Wheeler, Tulsa, for respondents.

IRWIN, Justice.

L. H. McConnell and Kate McConnell commenced proceedings in the Superior Court of Creek County, Oklahoma, against Petitioner, a foreign corporation, for damages to land situated in Jackson County, Oklahoma, and injunctive relief. Petitioner's plea to the venue and jurisdiction of the Superior Court of Creek County was overruled by the trial court.

Petitioner filed its application for this Court to assume original jurisdiction and issue a Writ of Prohibition prohibiting the Respondents from further exercising jurisdiction over it in said cause.

Article IX, Sec. 43, of the Constitution of Oklahoma, inter alia, provides:

"Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

And Title 12 O.S.1957, Supp. § 131, provides:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, * * *.

* * * * * *

"5th, For all damages to land, crops, or improvements thereon, action must be brought in the county where the damage occurs."

ISSUE

Where an action is brought in the Superior Court of Creek County against a foreign corporation for damages to land situated in Jackson County and injunctive relief, and objection is made to the jurisdiction and venue of the Superior Court of Creek County, and such objection is overruled, should a writ of prohibition issue prohibiting the trial court from further exercising jurisdiction over the defendant foreign corporation in said cause.

Answer. The writ of prohibition should issue.

PLEADINGS

In so far as pertinent to the issues involved, plaintiffs, L. H. McConnell and Kate McConnell, husband and wife, alleged that they were residents of Jackson County, and were the owners and in possession of certain lands in Jackson County which contained valuable deposits of sand and gravel; that the defendant, Atchison, Topeka and Santa Fe Railway Company is a foreign corporation and operates a railway line in Creek County.

The petition contained two causes of action. One for damages to their land situated in Jackson County in the sum of $1,508,-374.05, alleged to have been caused by the Railway Company erecting a dam, dike or embankment and causing water to be diverted from its natural course over and upon

the lands of the plaintiffs, thereby washing away and destroying a portion thereof. The second cause of action was for an injunction prohibiting the defendant from maintaining the dam, dike or embankment.

Defendant filed its special appearances, Motion to Quash Summons, and Pleas to the jurisdiction and venue of the Superior Court of Creek County.

The trial court overruled the Motions to Quash and Pleas to the jurisdiction and venue of the Superior Court of Creek County.

Defendant (Petitioner herein) filed its application for this Court to assume original jurisdiction, praying that a Writ of Prohibition be issued prohibiting the Superior Court of Creek County, and the Judge thereof from exercising further jurisdiction over the defendant in case No. 3698, Superior Court of Creek County, Oklahoma.

## CONTENTIONS

Petitioner contends that Article IX, Sec. 43, of the Constitution applies only to transitory actions; that the present action is a local action and under Title 12 O.S.1957, Supp. § 131, the venue of the action for damages to land is exclusively in Jackson County and that the Superior Court of Creek County is without jurisdiction in that venue of such action does not lie in Creek County.

Respondents (The Superior Court of Creek County and the Judge thereof) contend that the venue is fixed as against the defendant railway company, a foreign corporation, by Article IX, Sec. 43, of the Constitution; that such provision is self executing and although the legislature may expand upon the constitutional provision, it may not limit such constitutional provision; that Sec. 131, supra, is a limitation on the constitutional provision; that under the constitutional provision the Superior Court has venue.

## CONCLUSIONS

We will first consider the venue and jurisdiction of the Superior Court of Creek County with reference to the action for damages to land situated in Jackson County. Respondents do not contend that such action is not a local action; nor do they contend that the legislature has not prescribed where such action must be brought. However, respondents do contend that the statutory provision prescribing where local actions must be brought is in derogation of the constitution when a foreign corporation is involved and the constitutional provision would therefore be controlling.

Title 12 O.S.1957, Supp. § 131, specifically provides that actions concerning title and damages to land, etc., must be brought in the county in which the land is situated. In Erwin v. Barrow, 10 Cir., 217 F.2d 522, 523, it was held:

"Oklahoma statutes requiring that action to set aside conveyance of real estate be brought in the county in which land is located or one of the counties if located in more than one county, relate to venue of action and do not affect jurisdiction."

And in the body of the opinion, that court said:

"* * * These statutes relate to venue and not to jurisdiction. They are concerned with the place of the maintenance of the suit, not the jurisdiction of the court to entertain it. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167. This suit for the recovery of real property being local and not transitory, is undoubtedly governed by this statute, and we readily agree that literally construed, the suit must be brought in one of the counties where the land is located. * * *"

In Graham v. Mid-Continent Coaches (Okl.), 302 P.2d 777, 779, we said:

"No extended discussion concerning the venue of actions is necessary in disposition of this matter. Our statutes make explicit provisions, fixing the venue of actions. 12 O.S.1951 §§ 131–140, inclusive. We have pointed out in numerous cases the privilege extended a defendant to be sued in the county of

domicile is a substantial and valuable right which is not to be denied upon a strained or doubtful construction. Parker v. Remy, 202 Okl. 400, 214 P.2d 243; Knox v. McMillan, Okl., 272 P.2d 1040. Ordinarily venue is controlled by residence of the parties. Maggi v. Johnson, 200 Okl. 361, 194 P.2d 854. And, it is further noted that the venue statutes, supra, precisely fix the venue of every type of action with this geographical limitation in view."

And in Harber v. McKeown, 195 Okl. 290, 157 P.2d 753, we held:

"By virtue of statute (12 O.S.1941, § 131, subd. 4) jurisdiction to remove cloud on and to quiet title to real estate is vested exclusively in courts sitting in the county in which the real estate is situated.

\* \* \* \* \* \*

"The judgment of a court which attempts to remove a cloud on and to quiet title to real estate beyond its territorial jurisdiction is coram non judice and void."

It is apparent that under the statutory provision, unless the same is in derogation of the constitutional provision, venue of the action for damages to land in the instant action is in Jackson County and the Superior Court of Creek County does not have venue. If the Superior Court of Creek County does not have venue of the action, would it have jurisdiction to render a valid and binding judgment?

Although the terms "venue" and "jurisdiction" are often used interchangeably, there is a distinction.

In Southern Sand & Gravel Co. v. Massaponax Sand & Gravel Corp., 145 Va. 317, 133 S.E. 812, 814, that court quoted from Burks' Pleading & Practice (2d Ed.), Ch. 22, Sec. 175 as follows:

" 'Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters. Jurisdiction is authority to hear and determine a cause. \* \* \* It is like venue regulated by statute or organic law.' Venue is merely the place of trial, and the purpose of statutes prescribing venue is to give the defendants the privilege of being sued only in the place or places prescribed by the statutes. \* \* \*"

And also quotes from Lile on Equity Pleading and Practice (2d Ed.) Sec. 23, at page 13 as follows:

" \* \* \* The term venue denotes the particular county or corporation in which a given controversy is, in the first instance, properly triable. In short, venue has to do with geographical or territorial considerations, whereas jurisdiction is concerned with questions of inherent judicial power."

In Knox v. McMillan, (Okl.), 272 P.2d 1040, this Court held:

"Venue is an incident of procedure and is governed by the law of the forum where a right of action is sought to be enforced."

And in the body of the opinion we said:

"The declared policy of this state with respect to venue of actions is set forth in Sections 131 to 140, and Section 154 of Title 12, Oklahoma Statutes 1951. The first eight of such enumerated sections specify the venue as to certain types or classes of actions, and Section 139 refers to venue of all other types of action \* \* \*.

\* \* \* \* \* \*

" \* \* \* We adhere to the construction so placed upon such section of our venue statutes which constitutes an exception to the general rule that a defendant is entitled to trial in the county of his residence or where he may be served with process. \* \* \*"

In Floor v. Mitchell, 86 Utah 203, 41 P.2d 281, the court held:

" 'Jurisdiction,' as contrasted with 'venue,' refers to power of court to decide issue on its merits; whereas 'venue' refers to place where cause sued upon should be tried."

In Stanton Trust & Savings Bank v. Johnson, 104 Mont. 235, 65 P.2d 1188, it was held:

"'Jurisdiction' is authority to hear and determine cause, while 'venue' is place of trial."

In State ex rel. Southern Surety Co. v. Armstrong, 158 Okl. 290, 13 P.2d 198, 199, we held:

"A judgment is void when it affirmatively appears from the inspection of the judgment roll, that any one of the three following jurisdictional elements is absent: First, jurisdiction over the person; second, jurisdiction of the subject matter; and, third, judicial power to render the particular judgment."

■ We find that venue relates to geographical or territorial consideration; that is, where an action lies; that jurisdiction relates to the inherent judicial power of a court to adjudicate the subject matter in a given case. We also find that the Legislature has prescribed that actions concerning damages to land must be brought in the county where the land is situated and in the instant case the venue of the action is in Jackson County and the Superior Court of Creek County is without jurisdiction, unless the Legislative enactment prescribing venue is in derogation of the Constitution.

Therefore, if the Legislative enactment which places the venue of the present action in Jackson County, is not in derogation of the constitutional provision, the Superior Court of Creek County is without jurisdiction for the reason venue lies in Jackson County.

This Court has never construed Article IX, Sec. 43, of the Constitution in connection with our statutory provision which provides for venue of actions concerning title or damages to land. That is, we have never specifically determined if the statutory provision is or is not in derogation of the constitutional provision. If the statutory provision is in derogation of the Constitution, then the Legislative enactment must yield to the Constitution. In determining this issue we must be cognizant of the case of

Tate v. Logan (Okl.), 362 P.2d 670, 674, wherein we said:

"We do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited. If there is any doubt as to the Legislature's power to act in any given situation, the doubt should be resolved in favor of the validity of the action taken by the Legislature. Restrictions and limitations upon legislative power are to be construed strictly, and are not to be extended to include matters not covered or implied by the language used."

In the same case we held:

"Our constitution vests in the Legislature the supreme power to enact laws to meet the needs of the State, and its acts should be upheld unless plainly and clearly within the express prohibitions and limitations fixed by the constitution. There is a presumption that an act is constitutional."

See also Finerty v. Williams, 81 Okl. 10, 196 P. 709; and Dobbs v. Board of County Commissioners of Oklahoma County, 208 Okl. 514, 257 P.2d 802.

Therefore, we will determine if the constitutional provision which relates to foreign corporations prohibits the Legislature from enacting legislation which limits the venue of actions against foreign corporations. In this connection, Respondents contend that the constitutional provision establishes both venue and jurisdiction, and that the Legislature cannot restrict or limit such venue and jurisdiction and relies on Atchison, Topeka & Santa Fe Railway Co. v. Lambert, 32 Okl. 665, 123 P. 428; Tibbet & Pleasant v. Oklahoma State Bank of Frederick, 119 Okl. 109, 249 P. 149; and Consolidated Flour Mills Co. of Kansas v. Sayre Wholesale Grocer Co., 176 Okl. 482, 56 P.2d 781.

In Atchison, Topeka & Santa Fe Railway Co. v. Lambert, supra, we held:

"Section 5584, Comp.Laws 1909 (Laws 1907–1908, p. 592, § 5) [12 O.S. 1951 § 135], providing the venue of ac-

tions against transportation or transmission companies, and which does not permit such actions to be brought in the county of the residence of the plaintiff, cannot have the effect of restricting or limiting the right of the plaintiff to sue such a company, when a foreign corporation, in the county of his residence pursuant to the provisions of section 43 of article 9 of the Constitution."

This was a transitory action and not a local action. The court had venue of the subject matter and jurisdiction to render a valid and binding judgment. In the instant action the Legislature has prescribed that it must be brought in Jackson County where the land is situated and by virtue of the Legislative enactment, unless the same is in derogation of the constitutional provision, the Superior Court of Creek County does not have venue of the subject matter and would not have jurisdiction to render a valid and binding judgment. Therefore, the Atchison, Topeka & Santa Fe Railway Co. v. Lambert, supra, is not dispositive of the issue presented in the instant action.

Under this same line of reasoning, Tibbet & Pleasant v. Oklahoma State Bank of Frederick, supra, and Consolidated Flour Mills Co. of Kansas v. Sayre Wholesale Grocer Co., supra, relied on by Respondents, are not controlling.

However, this Court has heretofore considered local actions when a foreign corporation was involved.

In Sinclair Prairie Oil Co. v. District Court of Oklahoma County, 180 Okl. 455, 70 P.2d 94, we held:

"Where G institutes an action in the district court of Oklahoma county against S and W, alleging that G is the owner of all the surface rights and an undivided one-half interest in the oil, gas, and mineral rights and that W is the owner of the remaining undivided one-half interest in and to the oil, gas, and mineral rights, and alleging that said land is located in Tulsa county, and alleging that S and W are producing oil, gas, and casing-head gas from said land 'without any right, in fact, so to do,' and are retaining fifteen-sixteenths thereof, and asking that S and W be enjoined from producing oil, gas, and casing-head gas from said lands, held: That the determination of the rights and interests of the respective parties in and to said real estate is necessary to a decision in the cause of action, as is contemplated by the first subdivision of section 109, O.S.1931 (12 Okl.St.Ann. § 131, subd. 1), and by virtue thereof the venue of the action is Tulsa county, where said lands are located, and the district court of Oklahoma county should be prohibited from entertaining or determining the cause of action."

In the Sinclair case the Court said that "the question involved is one of jurisdiction of the subject-matter. In short, the venue of the action". The Sinclair case was promulgated in 1937, which was after the promulgation of the cases relied on by Respondents and approximately thirty years after the adoption of the Constitution. Although the constitutional provision was not discussed in the Sinclair case, it does not necessarily mean that such provision was not considered as the Court had knowledge of such provision and the construction placed thereon. The failure of the court to discuss the constitutional provision would indicate the court at that time considered that the Legislative provision prescribing venue of local actions was not in derogation of the constitutional provision.

The Sinclair case was cited with approval in Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486, 496, wherein we said:

"It is next suggested that the venue of the action was not properly laid in Cleveland County. * * * Actions for the recovery of real property, or any estate or interest therein, or the determination in any form of any such right or interest, must be brought in the county in which the subject of the action is situated. 12 O.S.1941, § 131.

So far as the cause of action of Margay and that of intervener to quiet title is concerned, the venue in Cleveland County is not only permissible but is mandatory and exclusive. That question is conclusively settled in Sinclair Prairie Oil Co. v. District Court of Oklahoma County, 180 Okl. 455, 70 P.2d 94, * * *."

Section 10 of the Organic Act of 1890, inter alia, provided: "And all civil actions shall be instituted in the county in which the defendant, or either of them resides or may be found." By virtue of this provision, venue and jurisdiction were both conferred. The Territorial Supreme Court, on more than one occasion, held all actions, including actions involving title to land had to be brought in the county where the defendant resides or may be found; that the Legislative enactment placing venue of actions involving title to real estate in the county where the land was situated was in derogation of the Organic Act. See Burke v. Malaby, 14 Okl. 650, 78 P. 105 and Mouldin v. Rice, 19 Okl. 589, 91 P. 1032.

The framers of our Constitution and the people who adopted it, had knowledge of the provision in the Organic Act which established venue and jurisdiction and the construction placed thereon by the Territorial Supreme Court. Therefore, it is significant to note that Article VII of the Constitution which relates to the Judicial Department prescribes the jurisdiction of the Supreme Court, District Courts, County Courts and the Justices of the Peace, but the word "venue" is not used in the entire Article. Thus the matter of venue was left to the Legislature. And it is well established that the Legislature not only had the authority but has exercised the authority to prescribe the venue in certain actions.

We must also note that Article IX, Sec. 43, of the Constitution did not follow the language of the Organic Act which provided "all civil actions *shall* be instituted," but states that "suit[s] may be maintained." To sustain the theory of respondents we must conclude and hold that such language establishes both jurisdiction and venue and prohibits the Legislature from prescribing the "venue" of actions when a foreign corporation is involved.

We cannot subscribe to such theory. By the provision of Article IX, Sec. 43, of the Constitution, the State has imposed certain conditions on foreign corporations for the privilege of "doing business" in the state. Some of the conditions are, " * * * every foreign corporation shall, before being licensed to do business in the State, designate an agent residing in the State; and service of summons or legal notice may be had on such designated agent and such other agents as now or may hereafter be provided for by law. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action may arise."

Without question, the constitutional provision does prescribe where an action may be maintained against a foreign corporation but the right to maintain an action pre-supposes that such action will be brought in a court which has venue of such action and jurisdiction to render a valid and binding judgment. We can find nothing in the constitutional provision which prohibits, expressly or by implication, the Legislature from prescribing where certain types of actions must be brought.

■■ We therefore hold that Sec. 131, supra, is not in derogation of Article IX, Sec. 43 of the Constitution and the Superior Court of Creek County does not have venue of an action for damages to land in Jackson County.

■ In further support of their contention the Superior Court of Creek County has jurisdiction and venue, the respondents take the position the second cause of action is for injunctive relief; that it is the gravamen of the action and is transitory in nature. It can be inferred from this contention, the action for damages is considered merely ancillary to injunctive relief. When a local action is joined with a transitory action in

the same complaint, the question immediately arises, "where does venue lie?" In determining this question, the test to be applied is to examine the pleadings and determine the scope of the judgment that might be entered. Vaughan v. Roberts, 45 Cal. App.2d 246, 113 P.2d 884, and Stuckey v. Stuckey, 143 Neb. 610, 10 N.W.2d 458.

 The first cause of action is for damages to land and plaintiffs allege that the dam or dike diverted the flow of water in Salt Fork from its original and natural channel into, upon and over plaintiffs' land; that the dike or dam was constructed in 1954 and rebuilt in the late fall and early winter of 1956–57 by increasing the height and width thereof; that by reason of flooded conditions on Salt Fork, the water was forced onto and over plaintiffs' land and twenty-six and one-half acres thereof washed away and destroyed. The plaintiffs value the land so washed away and destroyed to be $1,508,-370.05.

Assuming, but not deciding, that plaintiffs' second cause of action is transitory in nature, the first cause of action is the main action as the primary object is the recovery of damages to real property and the second cause of action is merely ancillary to the first cause of action. Being ancillary to the first cause of action, and assuming that the second cause of action is transitory in nature, does this change the entire action from local to transitory, and if so, where does venue lie under this state of facts?

In 43 C.J.S. Injunctions § 170, pp. 813–814, it is stated:

"In the absence of statute or court rule providing otherwise, the county in which defendant resides is ordinarily the county in which an action for injunction should be brought. However, where the county in which suit for injunction must be brought is designated by statute, the statutory requirement must be complied with and a suit for an injunction cannot be brought in any county other than the one so designated; and this is so, although defendants, or part of them, reside in another county. Such statutes are applicable only to cases brought clearly within their provisions; and it has been held that these statutes apply only to a strict bill of injunction, and not to bills seeking other relief to which the injunction sought is merely ancillary. An application for an injunction in aid of an equitable remedy should be made in the same court where the suit is pending." (Emphasis supplied)

And in 92 C.J.S. Venue § 38, p. 749, the following rule is stated:

" * * * The fact that an injunction is sought as relief ancillary to the main suit does not make it transitory. * * * "

In Guillot v. Godchaux, Tex.Civ.App., 73 S.W.2d 924, it is stated:

"3. In suits purely for injunctive relief, injunction statute determines venue; but where main suit is for other than injunctive relief and injunction is ancillary, venue statutes determine venue."

In H. C. Burt & Co. v. City of Spearman, Tex.Civ.App., 19 S.W.2d 96, it was held:

"1. In action against resident of another county to cancel purchase contract and recover cashier's check, prayer for injunction against resident defendant issuing cashier's check held insufficient to sustain venue in county of suit, under Rev.St.1925, Art. 1995, § 4, since cause of action against resident defendant was ancillary to main suit."

In Evans v. Hudson, Tex.Civ.App., 216 S.W. 491, it was held:

"3. The venue of a suit which was primarily to recover possession of land, though injunction is asked as relief ancillary to the main suit, is governed by Vernon's Sayles' Ann.Civ.St.1914, Art. 1830, subd. 14, permitting suit for recovery of land to be brought in the county where land is situated, not by article 4653 [Vernon's Ann.Civ.St. arts. 1995, subd. 14, 4656], requiring suits

for injunction to be brought in the county of defendant's residence."

"4. An original and amended petition, which alleged plaintiff's ownership of the land and its detention from him by defendants, and prayed for title and possession of lands and also for an injunction to restrain rounding up and driving off cattle from the land and damaging windmills thereon, states a cause of action to recover land in which the injunction is merely ancillary to the main relief."

In the body of the opinion, it is stated:

"In the following cases it has been held that, where the injunctive relief is sought merely as ancillary to the main suit, article 4653, the injunction statute, does not apply: I[nternational] & G. N. Ry. Co. v. Anderson County [Tex. Civ.App.], 150 S.W. 239; Id., 106 Tex. 60, 156 S.W. 499; Royal Amusement Co. v. Columbia Piano Co., [Tex.Civ. App.,] 170 S.W. 278; Palmer v. Jaggaers, [Tex.Civ.App.,] 180 S.W. 907; Parsons v. McKinney, 63 Tex.Civ.App. 617, 133 S.W. [1084] 1085. We believe they announce the correct rule, and that if this is a suit for the recovery of lands or damages thereto, or to quiet the title to land, or to prevent or stay waste on lands, it must be brought in the county in which the land or a part thereof may lie, as provided in subdivision 14 of article 1830."

See also Allen v. Burke Co., Treas. et al., 143 Kan. 257, 53 P.2d 894; and Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089, citing 67 C.J. p. 82, Sec. 130, 92 C.J.S. Venue § 61.

The State of Idaho has a venue statute comparable to ours in which it is provided that actions to quiet title to lands must be brought in the county in which the lands are located. The case of Banbury v. Brailsford, 66 Idaho 262, 158 P.2d 826, involved a state of facts similar to the facts herein. A suit was instituted to quiet title to land and by amended petition, a judgment for accounting for rents and profits was also prayed for. The trial court quieted title to land in a county other than in which the action was instituted. The Supreme Court of Idaho held:

"Supplemental complaint asking an accounting of rents and profits did not change an action to cancel deeds conveying realty and to quiet plaintiff's title thereto from a local to a transitory action, since primary object was the recovery of real property. Code 1932 § 5–401."

See also Stuckey v. Stuckey, supra.

In the case of Mills v. District Court of Lincoln County, 187 Okl. 247, 102 P.2d 589, we held:

"An action to establish and enforce a trust in both real and personal property, where the title to the real estate is not directly, but only incidentally, affected, and the primary object of the action is to require the alleged trustee to account, and to deliver the trust estate to the plaintiffs, is transitory in character, and the venue thereof is in the county where the defendant resides or may be summoned, as provided in Sec. 117, O.S.1931, 12 Okl.St.Ann. § 139."

In that case a local action and a transitory action were joined in the complaint. However, the local action was held to be only incidental to the main action and venue was held to lie under the transitory action. The converse of this would be true.

In the case of Ross v. District Court of Oklahoma County, 199 Okl. 573, 188 P.2d 861, we said:

"12 O.S.1941 § 131, Subdivision (1), restricts actions for determination in any form of any right or interest in real property to the county in which the subject of the action is situated. An accounting sought between the joint adventurers is dependent upon the interest in land sought to be determined and is therefore ancillary. Royalty is an interest in real property. * * *"

We conclude the joining of the action for injunction, being ancillary to the main action

for damages, did not change the main action to a transitory action. We therefore hold the *Superior Court of Creek County* does not have venue and is without jurisdiction in the instant action.

 In City of Cleveland v. Cheatham, (Okl.), 285 P.2d 205, we held:

"Prohibition is a proper remedy to prevent a court from trying a case of which it lacks jurisdiction because venue is in another county."

See also State ex rel. Hunter v. Duncan (Okl.), 288 P.2d 388.

Writ granted.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.