## CLARK v. WALWORTH.

No. 24908.    March 24, 1936.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

T. L. Blakemore, for defendant in error.

RILEY, J. Defendant in error, hereinafter referred to as plaintiff, commenced this action in the district court of Creek county, against plaintiff in error, hereinafter referred to as defendant, to recover damages for alleged personal injuries.

Plaintiff alleged in his petition:

"That the defendant is the owner and operator of several motor trucks with trailers, which he operates in and out of the city of Tulsa on the highways of Oklahoma in hauling for hire of all kinds of oil field equipment, such as casing, pipe, tanks, etc., and various other kinds and character of heavy material."

He further alleged, in substance, that on June 14, 1930, in Creek county, by and through the negligence of defendant in the  ... ... one of defendant's trucks, a collision occurred between said truck and an automobile in which plaintiff was a passenger, whereby plaintiff was injured.

Defendant appeared specially and objected to the jurisdiction of the court for the reason that "Defendant is a nonresident of Creek county, in the state of Oklahoma, and resides in Tulsa county, and said purported summons was not served on said defendant in Creek county."

The summons and return show that it was issued out of the district court of Creek county, directed to the sheriff of Tulsa county, and was served in Tulsa county.

The trial court first overruled the objection to the jurisdiction of the court, but at the trial when the question was again raised by objection to. the introduction of evidence, the objection was sustained and the cause was dismissed.

Thereafter plaintiff filed a motion to vacate and set aside the order of dismissal. This motion was sustained, and defendant appeals from said order setting aside and vacating the former judgment of dismissal.

The assignment of error is (a) that the court erred in vacating its former order, and (b) that the court erred in holding in effect that the service of summons upon defendant was good and that the court had jurisdiction of the person.

Ordinarily this question would be presented in an appeal from a final judgment against a defendant or in an appeal from a final judgment dismissing a cause for want of jurisdiction. But without regard to the question whether the order be one from which an appeal may be taken, we consider the question as one properly here for decision. If the trial court was without jurisdiction of the person of the defendant. the case should be dismissed and ended so far as prosecution of the action in Creek county is concerned.

It is conceded that, ordinarily, an individual defendant has the right to be sued

in the county of his residence. Unless there be some statutory provision removing defendant in this case from the general rule stated, the order appealed from should be reversed.

Section 113, O. S. 1931, provides that an action may be commenced against any transportation or transmission company in the county where any person resides upon whom service of summons is authorized to be served irrespective of the order in which such persons are named, and irrespective of the residence of any superior officer or authorized person upon whom service of summons may be had, or in any county where the cause of action or some part thereof may have accrued, or in the county through which or into which the lines of road or any part of the structures of such company may be or pass and the plaintiff may elect in which county he will bring the action.

Section 167, O. S. 1931, provides: "Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants at the plaintiff's request."

The question, then, is whether defendant was a "transportation company" within the meaning of section 113, supra.

In Temple et al. v. Dugger, Adm'x, 164 Okla. 84, 21 P. (2d) 482, it is held:

"A motor carrier as defined in section 3692, O. S. 1931, is a transportation company as defined in section 113, O. S. 1931."

In that case the defendant motor carrier was a copartnership, composed of two members. Here the defendant is an individual.

In Temple et al. v. Dugger, Adm'x, supra, defendants resided in Harper county. The cause of action accrued in Major county, and the action was instituted in Dewey county. The venue in Dewey county was sustained under the third provision of section 113, supra.

Section 3692, supra, was enacted as section 1, ch. 113, S. L. 1923, and defined a "motor carrier" as "any person, firm, business, trust or corporation, lessee, trustee or receiver operating any motor vehicle with or without trailer or trailers attached, upon any public highway for the transportation of passengers or property for compensation between fixed termini or over a regular route, even though there may be periodic or irregular departures from said termini or route."

Such was the statutory definition of a motor carrier at the time the cause of action in Temple et al. v. Dugger, supra, accrued.

But said section was amended by section 1, ch. 253, S. L. 1929. Therein "motor carrier" is defined to be "any person, firm, *** operating any motor vehicle with or without trailer or trailers attached, upon any public highway for the transportation of passengers * * * for compensation."

Motor carriers were then classified into three classes, "A", "B", and "C." Class "A" motor carriers were made to include all motor carriers operating as common carriers of persons or property between fixed termini or over a regular route. Class "C" motor carriers were made to include carriers operated by owners for the transportation of their own goods and merchandise, who charge or collect from the consignee, purchaser, or recipient for transporting or delivering same, excepting transportation of live stock and farm products in the raw state and trucks hauling road materials.

Class "B" motor carriers were made to include all other motor carriers not operating as class "A" and class "C" motor carriers, whether as private carriers or common carriers of persons or property.

This provision appears as section 3700, O. S. 1931, and remained in force until amended by section 1, ch. 156, S. L. 1933, which was in turn amended by section 1, ch. 20, art. 12, S. L. 1935, was in force at the time alleged injuries occurred and under the allegations of plaintiff's petition defendant was clearly a class "B" motor carrier as defined therein.

Defendant, although a private individual, and entitled to all the privileges and immunities accorded to all private citizens as such, "when he comes before the law as a 'public service entity,' seeking to render a public service for hire and profit, he thereby so far as his business is concerned, * * * absolves himself from the distinct rights of a private citizen, and stands in a class with other 'public service' enterprises." Ex parte Tindall, 102 Okla. 192, 229 P. 125.

In other words, he thereby in law becomes a transportation company within the meaning of section 113, O. S. 1931. Temple et al. v. Dugger, Adm'x, supra.

By so doing he subjected himself to a suit for damages growing out of the operation of said business, and under section 113, supra, such action could be commenced in the county where the cause of action or

some part thereof may have accrued. It is suggested that in the trial court plaintiff relied entirely upon the provisions of section 14, ch. 253, S. L. 1929, which by its terms specifically authorized an action against a motor carrier in the county where the cause of action or some part thereof arose, and that said section is unconstitutional as being in violation of section 57, art. 5; of the Constitution in that no mention of the subject of venue is made in the title of the bill, and therefore the order of the trial court must be reversed.

We have shown that plaintiff had the right to commence his action in the county where the alleged cause of action or some part thereof accrued, and under section 113; O. S. 1931, this right is entirely independent of the provisions of section 14, ch. 253, S. L. 1929 (section 3712, O. S. 1931).

It is therefore immaterial whether said last-named section be constitutional or not. It is entirely unnecessary in this case to decide that question.

The judgment of the trial court appealed from is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and PHELPS, JJ., concur.