JOHN DEERE PLOW CO. v. OWENS.

No. 31142. Sept. 21, 1943.

Rehearing Denied March 28, 1944.

Application for Leave to File Second Petition for Rehearing Denied
April 11, 1944.

*147 P. 2d 149.*

Keaton, Wells & Johnston and Roy C. Lytle, all of Oklahoma City, for plaintiff in error.

C. H. Bowie, of Pauls Valley, for defendant in error.

DAVISON, J. On the 9th day of June, 1942, the John Deere Plow Company instituted this action in Oklahoma county seeking to recover a money judgment for the principal sum of $345, together with interest and attorneys fees, against Fred Owens, a resident and citizen of Garvin county who could not be served with summons in Oklahoma county.

With the view of establishing the venue of the action in Oklahoma county plaintiff alleged its status to be that of a domesticated foreign corporation with its designated service agent in Oklahoma county, and that it owned property situated in that county.

It then caused a summons to be issued to the sheriff of Garvin county, who made a return showing the defendant "not found." Alias summons was then issued to the same county and service was procured. The defendant then filed a motion to quash reading as follows:

"Comes now the defendant, Fred Owens, appearing specially and for the purpose of this motion only, and moves the court to quash, set aside and hold for naught the summons and purported service thereof in the above styled and numbered cause of action for the reason that the same was not issued, served and returned according to law."

The trial court sustained the motion to quash. The record does not affirmatively reflect the specific reason upon which the trial court based its action.

The plaintiff appeals, urging that the venue of the action is properly Oklahoma county under and by virtue of 18 O. S. 1941, § 471, and in the alternative that, if it is not, the defendant has failed to properly and adequately challenge the venue and that his motion to quash should therefore have been overruled, and that by filing the motion he has entered a general appearance. We shall first consider whether the venue of the action is Oklahoma county.

Normally, and in the absence of some special condition or situation which places the venue elsewhere, an action of this type against one individual defendant can be brought only in the county where such defendant resides or can be served with summons. (12 O.

S. 1941 § 139.) This would indicate Garvin county.

Plaintiff, however, says its own status, location of service agent and ownership of property, constitutes a special situation which removes the case from the operation of section 139, supra, and places the venue in Oklahoma county under section 471 of title 18, supra. The section relied upon reads:

"Any foreign corporation, doing business in the State of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county in the State of Oklahoma where the plaintiff resides or where said corporation has its principal place of business, or has property. or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had. Laws 1910-1911, ch. 26, p. 46 sec. 1."

The language of the statute lends color to the position taken by plaintiff. However, the act was not intended by the Legislature to have the effect which plaintiff would attribute to it, or if it was so intended, the legislative intention was not executed in such a manner as to be free from constitutional objections.

Section 57 of article 5 of the Constitution of this state provides in part:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, . . . Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The statute under consideration was enacted by our Legislature as section 1 of chapter 26, S. L. of 1910-1911, page 46. The title of the act read as follows:

"An act providing how summons or other process may be served upon foreign corporations, and giving courts jurisdiction of said corporations, and declaring an emergency."

There is nothing in the foregoing title to forecast legislation of a character authorizing domesticated foreign corporations to institute a transitory action against an individual outside the county where such individual resides or may be served with summons. Such a legislative provision would constitute a drastic departure from the normal considerations upon which venue is determined under the general provisions of our statute relating thereto. See O. S. 1941 § 131 et seq.

The publication of the title of an act indicating that the Legislature was about to pass a law under which an individual could be sued in a transitory action by a domesticated foreign corporation in any of the various counties of the state in which such a corporation chose to locate some of its property or designate a service agent might well have provoked public comment and deterring influences to prevent the passage of such an act.

One of the purposes of the constitutional provision above mentioned (sec. 57 of art. 5, supra) is to enable the public to gauge the scope or effect of pending legislation. This result may be and is contemplated because frequently the only publication accorded pending legislation is in accord with the title. The other purposes of the constitutional provision are to prevent hodge-podge or log-rolling legislation and to prevent surprise or fraud upon the members of the Legislature itself. State ex rel. Board of Education of City of Tulsa v. Morley, 168 Okla. 259, 34 P. 2d 264.

The provisions of section 57, art. 5, supra, are mandatory. State v. Johnson, 90 Okla. 21, 215 P. 945; State v. Morley, supra.

To hold in this case that the legislation could be given the effect which plaintiff urges it should be accorded, would, in view of the restrictive character of the title of the act, offend both the letter and spirit of the constitutional provision. We decline to so hold. Our view upon this point does not effect the validity of the statute as applied to the venue of actions against foreign corpo-

rations, since by the provision of the same section of the Constitution "such act shall be void only as to so much of the law as may not be expressed in the title thereof." Notice, also, syllabus 6 of Associated Industries of Oklahoma v. Industrial Welfare Commission et al., 185 Okla. 177, 90 P. 2d 899.

Our attention is called to certain language appearing in the opinion of this court in Phillips Petroleum Corporation v. Smith, 177 Okla. 539, 61 P. 2d 184, 107 A.L.R., 858, where in alluding to the statute under consideration we observed its literal context and commented upon the possibility of domesticated foreign corporations instituting transitory actions in counties where no defendant resided or could be summoned. However, we were not in that case considering an action instituted in one of the counties of the state by such a corporation against a defendant residing in another county. Still more pertinent, we did not therein consider the bearing of section 57 of article 5, supra, on the law when applied to an action instituted by such a corporation.

The decision alluded to in the cited case was connected with the point under consideration therein, but the conclusion there announced was not dependent upon the discussion and was fully justified upon other considerations. Thus, without departing from the holding of that case, we regard the discussion therein based upon the wording of the statute as immaterial when the statute is considered with a view to determining its scope and application as limited by section 57 of article 5, supra.

We conclude, and hold, that section 471 of title 18 does not authorize a domesticated foreign corporation to institute a transitory action in one of the counties of the state against a defendant who does not live and cannot be served in such county merely because the plaintiff corporation has its principal place of business or property or its service agent in the county where the action is instituted. Our conclusion determines that the venue of this action is not Oklahoma county.

It is appropriate to mention at this point that the constitutional question considered, supra, was not presented by the defendant in his brief. The general rule is that this court does not decide a cause on appeal on a theory not presented to the court below nor on one that is not argued in the briefs in this court. Holmes v. Durant Nursery Co., 172 Okla. 385, 45 P. 2d 698; Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. 2d 843. These rules are, however, rules of practice and judicial relaxation thereof obtains where public interest demands consideration. First National Bank of Alex v. Southland Production Co., 189 Okla. 9, 112 P. 2d 1087; Magnolia Petroleum Co. v. State, 175 Okla. 11, 52 P. 2d 81.

Naturally, judicial discretion is involved in determining when public interest is sufficiently involved to require judicial consideration of a question on a theory not presented below, or briefed here. In this case we are formally advised by motion herein filed that a number of cases are now pending in Oklahoma county in which domesticated foreign corporations are undertaking to prosecute transitory actions against individual defendants in remote counties when no defendant in the action resides or can be served in the named county. A delay in deciding this question with due consideration to the determining constitutional aspect would probably increase the number of such cases and place an unwarranted burden on citizens of the state residing in outlying counties. Public interest is sufficiently involved to warrant a relaxation of the procedure rules. We have therefore decided the question.

Plaintiff says, however, that regardless of the impropriety of the venue selected by it, the defendant is nevertheless in court because he filed a motion to quash.

This contention is not tenable. The filing of a special appearance and motion to quash challenging or seeking to defeat the jurisdiction of the court over the person of the defendant on the

theory that the summons was not issued, served, and returned according to law does not in itself constitute the entry of a general appearance when such motion is so drafted that it does not go beyond the jurisdictional question. Welch v. Simmons, 190 Okla. 611, 126 P. 2d 89, and authorities therein cited.

It is true that as a general rule such a motion, standing alone and unaccompanied by some other contemporaneous challenge to the venue (as distinguished from jurisdiction attempted to be exercised over a defendant beyond the territorial limits of this state), is inadequate to present the question of venue and especially to preserve the question when the motion is overruled. Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1.

However, as we pointed out in Welch v. Simmons, supra, oral motions are not forbidden in this jurisdiction and a written motion may be orally or informally supplemented and broadened in scope at the time of its presentation even though this method of procedure is not good practice. Thus it is possible in connection with an inadequate motion to quash to urge and present the question of venue.

In this court a presumption is indulged that the ruling of the trial court was correct. Mattes v. Baird, 176 Okla. 282, 55 P. 2d 48.

This presumption places a motion to quash which has been overruled in the trial court in an entirely different light from one which has been sustained.

When a motion to quash has been overruled, the presumption operates to place the ruling before us on the theory that no question other than that expressly shown by the record to have been raised was presented in connection with the motion. Thus if the motion stands alone in the record to reflect what was presented to the trial court, it is presumed in favor of the trial court's ruling that a question of venue, not strictly cognizable under the motion, was not presented.

On the other hand, when as in this case the record (reviewed as of the time the motion was presented) affirmatively reflects that the venue chosen by the plaintiff was improper and a motion to quash has been presented and sustained, it will be presumed in support of the trial court's ruling, in the absence of affirmative showing to the contrary, that the question of venue was presented and constituted the basis of the trial court's ruling even though the motion on its face may have been of doubtful adequacy. To hold otherwise on the last mentioned character of ruling would approach the ridiculous when viewed from a practical standpoint. We would in effect say to the defendant: You filed a motion to quash which was sustained by the trial court. Your motion to quash did not constitute an appearance and thus did not get you in court; the trial court sustained the motion and you are not yet in court. The venue of the action against you was actually improper and you should not have been compelled to come to Oklahoma county from your own county to defend such an action. However, you did not say quite enough in your motion even though the trial court, as well as yourself, understood your rights and your efforts to protect them. You must make a few more trips and say a few more words before this case can be properly disposed of.

Such a procedure is needless and will be avoided.

Plaintiff calls our attention to Eureka Tool Co. v. Collins, 182 Okla. 552, 78 P. 2d 1057, and J. E. Crosbie v. Fisher, 188 Okla. 415, 109 P. 2d 1075. Those cases deal with motions to quash which were overruled and treated as inadequate to raise the question of venue. In so far as their language may be taken to intimate that the filing of a special appearance and motion to quash on purely jurisdictional grounds in itself constitutes the entry of a general appearance, they are modified.

The decision of the trial court in this case is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. BAYLESS, J., absent.