PARKER et al. v. REMY.

No. 33584. Jan. 31, 1950.

*214 P. 2d 243.*

Looney, Watts, Ross, Looney & Smith, of Oklahoma City, for plaintiffs in error.

Howard K. Berry, of Oklahoma City (James W. Berry, of Oklahoma City, of counsel), for defendant in error.

LUTTRELL, J. The sole question presented on this appeal is one of venue, plaintiffs in error, who were defendants below, contending that the district court of Oklahoma county was without jurisdiction to hear and determine the cause for the reason that the action was not brought in the proper county.

The action was one for damages for the wrongful death of Willis Remy, brought by the widow, Jo Remy, on behalf of herself and minor children.

From the petition it appears that plaintiff's husband died as the result of a collision between an automobile in which he was riding and a truck owned and operated by the defendant partnership, H. K. Parker and I. L. Rowlett, d/b/a Consumers Oil Company. The accident occurred in Caddo county, and both plaintiff and the members of the defendant partnership were residents of Caddo county. The defendant partnership was engaged in the trucking business, having a permit as a class "B" motor carrier, as that class is defined in 47 O.S. 1947 Supp. §161. Tri-State Casualty Insurance Company, the surety on the liability insurance policy or bond filed by the partnership, is a domestic corporation, with its principal office and place of business in Tulsa. Summons was served on the partnership in Caddo county and on the insurance company in Tulsa county.

In the district court of Oklahoma county the defendants appeared specially and objected to the jurisdiction of the court for the reason that the venue was not properly laid in Oklahoma county, which objections were overruled. They also filed motions to quash the summons issued and served upon them, which were also overruled. In their answers they reiterated their objections to the jurisdiction of the district court of Oklahoma county. When the case was called for trial they again renewed their objections to the jurisdiction, and introduced evidence in support thereof. At this time they introduced in evidence the class "B" permit held by the partnership, which gave them permission to transport all class "B" commodities, except used emigrant movables, between all points in Oklahoma, and a member of the partnership testified that as such class "B" carrier they had no specified or regular line or route of travel, either in Oklahoma county or the state generally, but transported commodities between various points in the state as authorized by the permit. This objection to the jurisdiction of the court was

also overruled; the cause was tried to a jury, and resulted in a verdict for plaintiff.

Defendants here contend that since the members of the defendant partnership were residents of Caddo county and were served with summons there, and the insurance company was a resident of Tulsa county and was served with summons in that county, the provisions of 12 O.S. 1941 §139, that actions must be brought in the county where the defendants reside or may be summoned, are controlling; that the undisputed facts conclusively establish that the district court of Oklahoma county had no jurisdiction over the defendants, and that therefore the action could not be maintained in that county.

Plaintiff in her brief predicates her right to bring and maintain her action in Oklahoma county upon the provisions of 12 O.S. 1941 §135, and particularly the latter portion of said section. In her brief she states that she depends upon the sufficiency of the venue and the service of summons on the defendant partnership to authorize and justify service upon the insurance company in Tulsa county, and that under the provisions of section 135 she could bring and maintain the action in Oklahoma county, and serve summons upon the partnership in Caddo county, for the reason that under that section the action could be maintained in Oklahoma county.

12 O.S. 1941 §135 reads as follows:

"Actions may be commenced against any transportation or transmission company in the county where any person resides upon whom service of summons is authorized to be made, irrespective of the order in which such persons are named in this chapter, and irrespective of the residence of any superior officer or authorized person upon whom service of summons may be had; or in the county where the cause of action, or some part thereof may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

Plaintiff relies upon the latter portion of the section, which provides that the action may be brought in any county into or through which the lines of road or any part of the company may be or passes. She cites Ex parte Tindall, 102 Okla. 192, 229 P. 125; Temple v. Dugger, 164 Okla. 84, 21 P. 2d 482; Jacobsen v. Howard, 164 Okla. 88, 23 P. 2d 185, and Clark v. Walworth, 176 Okla. 349, 56 P. 2d 355, as conclusively establishing her right to bring the action in any county in the state which the trucks of defendant partnership might have at any time entered or passed through. At the trial she produced two witnesses who testified that they had seen trucks belonging to the defendant partnership in Oklahoma county, and a member of the partnership testified that the trucks had been sent to Oklahoma county on several occasions, usually for repairs, but occasionally to transport merchandise purchased by the partnership in that county to Caddo county. We are unable to agree with the contention of plaintiff.

In Ex parte Tindall, supra, we held that where a private citizen became a public service entity he thereby absolved himself from the distinct rights of a private citizen, and placed himself in a class with other public service enterprises.

Also, in Clark v. Walworth, supra, we held that a class "B" motor carrier, as defined by 47 O.S. 1941 §161, was a transportation or transmission company as that term was used in 12 O.S. 1941 §135, and that a transitory action could be brought against such carrier in the county where the cause of action accrued.

In both Temple v. Dugger, supra, and Jacobsen v. Howard, supra, the motor carriers involved were class "A" motor carriers operating between fixed terminii over a regular route, and in those cases we held that transitory actions against them could be maintained

in any county through which that route or line passed.

In Clark v. Walworth, supra, the action was brought against the class "B" carrier in the county where the cause of action arose under the express provisions of 12 O.S. 1941 §135, which specifically authorized it. But it is to be noted that that part of section 135 upon which plaintiff relies authorizes the bringing of such action only in the event the lines of road, or some part of the structure of a transportation or transmission company, extends through or into the county in which the action is brought. In the instant case the carrier had no fixed line or route of travel as in the case of class "A" carriers, but could operate its trucks all over the state without regard to any line or route of travel to be maintained by it. It is not contended that defendants had any structure of any kind in Oklahoma county. Therefore it did not come within the provision of section 135 relied upon by plaintiff.

In First National Bank of Seminole v. Henshaw, 169 Okla. 49, 35 P. 2d 898, we said that the right of a defendant to be sued in the county of his residence was a valuable right, and further said:

"In the case of Hixon v. Chamberlin, 116 Okla. 77, 243 P. 183, 46 A.L.R. 313. this court held that: 'The venue of actions not otherwise specifically provided for is in the county where defendant resides 'or may be summoned,' . . .'"

This statement is in accord with the general rule.

In 56 Am. Jur. p. 30, §28, the author says:

"Statutes permitting a defendant to have certain actions tried in the county where he resides are remedial in nature and are liberally construed, to the end that a defendant may not be unjustly deprived of that right. In many jurisdictions it is the general policy of the venue statutes to require suits to be brought in the county of the defendant's residence, and exceptions authorizing the bringing of certain suits in a county other than that of the defendant's residence are to be strictly construed. It will not be assumed that the Legislature intended to impair that right unless it has manifested intention to do so plainly and unequivocally."

In 67 C. J. p. 97, §155, the rule is thus stated:

"The privilege conferred on a defendant of being sued in the county of his domicile is a valuable and substantial right, which is not to be denied upon a strained or doubtful construction of a statutory exception or except in strict compliance with the law or clear and convincing proof, and all doubts are to be resolved in its favor."

Obviously the defendant partnership does not come within the provisions of section 135 quoted above, since it does not have any fixed line or route of travel in any portion of the state, and under the rule announced in the above authorities the defendants should not be denied the right and privilege of being sued in the county of their residence, unless the statute clearly so provides. It follows that the venue of the action was improperly laid in Oklahoma county, and that the district court of that county did not have jurisdiction to hear and determine the cause.

Reversed, with directions to dismiss the action.

DAVISON, C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.