Bob HINER, Plaintiff in Error,

v.

HUGH BREEDING, INC., a corporation,
Defendant in Error.

No. 38829.

Supreme Court of Oklahoma.

Sept. 21, 1960.

Kay Wilson, Jr., Muskogee, for plaintiff in error.

Harvey W. Linn, Jr., Tulsa, for defendant in error.

DAVISON, Chief Justice.

This is an appeal in a case filed by Bob Hiner against Hugh Breeding, Inc., a corporation, seeking to recover a money judgment on assigned accounts. The parties will be referred to as plaintiff and defendant.

Plaintiff filed his action in the City Court of Muskogee, Muskogee County, Oklahoma, against defendant alleging plaintiff was a wholesale dealer of petroleum products with his place of business in Muskogee, Oklahoma; that defendant was a corporation organized and existing by virtue of the laws of Oklahoma and transported freight for hire by motor vehicles; and that defendant operated freight lines through Muskogee County. Plaintiff further alleged he hired defendant to haul his products to various customers in Muskogee County; that the employees and agents of defendant purchased gasoline and petroleum products on open account from some of said customers in the total sum of $629.84; and that plaintiff was now the owner of such accounts receivable, which defendant refused to pay. Plaintiff prayed judgment against the defendant for the above amount.

Summons was issued directed to the sheriff of Tulsa County, Oklahoma, and was served on defendant in that county. Defendant by verified special appearance denied the jurisdiction of the court, alleging defendant was a non-resident of Muskogee County and that the summons was served on defendant in Tulsa County. The judge of the City Court overruled defendant's objection to the jurisdiction of that court. Defendant answered and on trial judgment was rendered against defendant for $353.71.

Defendant appealed to the District Court of Muskogee County and again urged its special appearance and denial of jurisdiction. That court sustained the plea and found it had no jurisdiction of the matter. Plaintiff appeals to this court from such adverse ruling.

The question involved is as to the venue of the action. No testimony or other evidence was introduced in the hearing in the lower court. The question presented must necessarily be answered by applying the law to the facts reflected by the pleadings. Plaintiff contends the venue of the action is in Muskogee County and relies on several statutes in support of this contention.

Plaintiff cites 12 O.S.1951 § 134, providing the venue of actions against domestic corporations, the applicable portion of which provides "or in the county where the cause of action or some part thereof arose". Plaintiff also cites 12 O.S.1951 § 135, providing the venue of actions against transportation or transmission companies, the portion of which is applicable to the present fact situation is as follows:

"* * *; or in the county where the cause of action, or some part thereof may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

Plaintiff also relies on 47 O.S.1951 § 173, relating to venue of actions against motor carriers, and being cumulative of existing venue against such concerns. Defendant does not question the validity of this section. It is noted that the constitutionality of this section was questioned but not determined in Clark v. Walworth, 176 Okl. 349, 56 P.2d 355. Since the venue in the instant case, if not otherwise determined by other statutory provisions, is fixed by the terms of Sections 134 and 135, supra,

it is not necessary to decide the validity of said Section 173.

Defendant cites and relies on 12 O.S.1951 § 139, which is as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. * * *"

It is obvious that the action of the lower court in holding it had no jurisdiction found that the venue prescribed in Section 139, and particularly that portion relative to actions after assignment of the indebtedness, prevailed over those statutes relied upon by plaintiff. The briefs of the parties do not furnish and the research of this court has not discovered any decision directly answering the question posed by the instant fact situation.

■ This is a transitory action. In John Deere Plow Co. v. Owens, 194 Okl. 96, 147 P.2d 149, we stated at page 152:

"Normally, and in the absence of some special condition or situation which places the venue elsewhere, an action of this type against one individual defendant can be brought only in the county where such defendant resides or can be served with summons. 12 O.S.1941, § 139."

Ordinarily, venue is controlled by residence of the parties. In Graham v. Mid-Continent Coaches, Inc., Okl., 302 P.2d 777, 779, this court said:

" * * *. Our statutes make explicit provisions, fixing the venue of actions. 12 O.S.1951, §§ 131–140, inclusive. We have pointed out in numerous cases the privilege extended a defendant to be sued in the county of domicile is a substantial and valuable right which is not to be denied upon a strained or doubtful construction. Parker v. Remy, 202 Okl. 400, 214 P.2d 243; Knox v. McMillan, Okl., 272 P. 2d 1040. Ordinarily venue is controlled by residence of the parties. Maggi v. Johnson, 200 Okl. 361, 194 P.2d 854. And, it is further noted that the venue statutes, supra, precisely fix the venue of every type of action with this geographical limitation in view."

See also First National Bank of Seminole v. Henshaw, 169 Okl. 49, 35 P.2d 898, 899, the second syllabus of which is as follows:

"In that class of actions where the venue is fixed in the provisions of section 117, O.S.1931 (12 O.S.1951, Sec. 139), the privilege of being sued in no other county than that of one's residence or in the county where one may be summoned is a valuable right."

■ Examination of Section 139, supra, reveals that the fundamental principles of venue recited in the above authorities are incorporated therein. In accord therewith said section specifically fixes venue of actions based upon assigned indebtedness by stating such actions "can only" be brought in the county where the original maker or one of the original makers of the indebtedness resides. The words "can only", as used here, are words of limitation and exclusion, that is: limiting venue to the described county and excluding other counties. The word "only" is defined as: Alone in its class, sole, single, exclusive, solely, this and no other, nothing else or more. See State v. Bosch, 125 Mont. 566, 242 P.2d 477, 487.

■ Plaintiff contends that the sections of the statutes, supra, cited and relied upon by him make the provisions of said Sec. 139 inapplicable and cites Oklahoma City v. District Court of Thirteenth Judicial District, 168 Okl. 235, 32 P.2d 318, 93 A.L.R. 489. The cited case is not in point in that it does not deal with that portion of Section

139 relative to actions on assigned indebtedness wherein specific venue is fixed as to that particular class of actions.

In Parker v. Remy, 202 Okl. 400, 214 P.2d 243, we stated in the first syllabus as follows:

"Statutes permitting a defendant to have certain actions tried in the county where he resides are remedial in nature and are liberally construed, to the end that a defendant may not be unjustly deprived of that right. Exceptions authorizing the bringing of certain suits in a county other than that of the defendant's residence are to be strictly construed. It will not be assumed that the legislature intended to impair that right unless it has manifested intention to do so plainly and unequivocally."

We find nothing in the statutes cited by plaintiff manifesting a plain and unequivocal intention to impair the venue specifically provided for actions on assigned indebtedness.

Affirmed.