The Honorable Carson Ross Representative, District 49 State Capitol Building, Room 105J Jefferson City, MO 65101
Dear Representative Ross:
This opinion is in response to your question asking:
 Can a board of directors [of a fire protection district] contract with the fire chief for the management of a fire protection district, which would include hiring, firing, or suspension?
On the opinion request form you submitted, you refer to Sections 321.200 and 321.220, RSMo. Section 321.200, RSMo Supp. 1991, provides in part:
 321.200. Board meetings, quorum, vacancy — employment, suspension, discharge of employees. — 1. . . . The board, acting as a board, shall exercise all powers of the board, without delegation thereof to any other governmental or other body or entity or association, and without delegation thereof to less than a quorum of the board. Agents, employees, engineers, auditors, attorneys, firemen and any other member of the staff of the district may be employed or discharged only by a board which includes at least two directors; but any board of directors may suspend from duty any such person or staff member who willfully and deliberately neglects or refuses to perform his or her regular functions. [Emphasis added.]
* * *
Section 321.220, RSMo Supp. 1991, provides in part:
 321.220. Powers of board — employee pensions — For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:
* * *
 (4) To enter into contracts, franchises and agreements with any person, partnership, association or corporation, public or private, affecting the affairs of the district, including contracts with any municipality, district or state, or the United States of America, and any of their agencies, political subdivisions or instrumentalities, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service relating to the control or prevention of fires, including the installation, operation and maintenance of water supply distribution, fire hydrant and fire alarm systems; provided, that a notice shall be published for bids on all construction or purchase contracts for work or material or both, outside the authority contained in subdivision (9) of this section, involving an expense of ten thousand dollars or more;
* * *
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in a statute in their plain and ordinary meaning. Wolff ShoeCompany v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Section 321.200.1, RSMo Supp. 1991, specifically provides that employees of the district "may be employed or discharged only by a board which includes at least two directors." [Emphasis added.] "The word `only' is defined as meaning `alone in its class, sole, single, exclusive, solely, this and no other, nothing else or more.'" State ex rel.Collins v. Donelson, 557 S.W.2d 707, 710 (Mo.App. 1977), quoting Hiner v. Hugh Breeding, Inc., 355 P.2d 549, 551 (Okl. 1960).
By use of the word "only" in Section 321.200.1, RSMo Supp. 1991, the legislature has limited the hiring and discharge of employees of a fire protection district to a board of directors including at least two directors. This is the plain meaning of the statute when the word "only" is used. Therefore, we conclude that the board of directors is not authorized to contract with the fire chief for the fire chief to hire and discharge employees.
In your question, you also inquire about the suspension of employees. Section 321.200.1, RSMo Supp. 1991, provides that "any board of directors may suspend from duty" any of the persons listed in that section who willfully and deliberately neglects or refuses to perform their regular functions. Furthermore, such section provides that the board shall exercise all powers of the board without delegation thereof to any other body or entity or association or to less than a quorum of the board.
In Pearson v. City of Washington, 439 S.W.2d 756 (Mo. 1969), the Court stated:
 Municipal corporations owe their origins to, and derive their powers and rights wholly from the state, and "where the Legislature has authorized a municipality to exercise a power and prescribed the manner of its exercise, the right to exercise the power given in any other manner is necessarily denied."
Id. at 760, quoting State ex rel. City of Blue Springs v.McWilliams, 335 Mo. 816, 74 S.W.2d 363, 365 (1934). A fire protection district is a municipal corporation. See Attorney General Opinion No. 198-90, a copy of which is enclosed, citingCommunity Fire Protection District of St. Louis County v. Boardof Education of Pattonville Consolidated School District R-3,315 S.W.2d 873, 877 (Mo.App., St.L. 1958). Section 321.200.1, RSMo Supp. 1991, specifically provides for suspension of employees to be within the authority of the board of directors.
On your opinion request form, you direct our attention to Section 321.220 (4), RSMo Supp. 1991, which authorizes the board of directors to enter into contracts "affecting the affairs of the district." However, this section provides no specific authority for the board of directors to contract with the fire chief for the fire chief to suspend employees. Section321.200.1, RSMo Supp. 1991, provides for the suspension of employees to be within the authority of the board and further provides the board shall exercise its powers without delegation thereof. Therefore, we conclude that the board of directors is not authorized by Section 321.220 (4), RSMo Supp. 1991, to contract with the fire chief for the fire chief to suspend employees.
CONCLUSION
It is the opinion of this office that under Section321.200, RSMo Supp. 1991, and Section 321.220, RSMo Supp. 1991, a board of directors of a fire protection district is not authorized to contract with the fire chief for the fire chief to hire, discharge or suspend employees.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 198-90