2014 OK 12

**Terry VAN WINKLE and Jerry Van Winkle, Plaintiffs/Respondents,**

**v.**

**YBAR, INC. d/b/a Y Bar Rental & Sales, an Oklahoma Corporation, Defendant/Petitioner.**

**No. 111527.**

Supreme Court of Oklahoma.

Feb. 25, 2014.

**1252**

Justin Meek, and Benjamin Grubb, Bass Law, Oklahoma City, Oklahoma, for the plaintiffs/respondents.

Thomas M. Askew, and Sharon K. Weaver, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, Oklahoma, and Brian R. Berry, Berry & Otterson, Tulsa, Oklahoma, for the defendant/petitioner.

WINCHESTER, J.

¶1 The issue in this case is the proper venue for this case to be tried. The plaintiffs/respondents, Terry Van Winkle and Jerry Van Winkle, assert that venue is proper in Cleveland County. The defendant/applicant, YBar, Inc. d/b/a Y Bar Rental & Sales, argues that such venue is improper.

¶2 The plaintiffs filed this lawsuit against YBar in Cleveland County over the purchase of a tractor from the defendant's store in Fort Gibson, Oklahoma, which is located in Muskogee County. The plaintiffs alleged in their petition that YBar sold the tractor to the plaintiffs and represented that the tractor was new, when it was actually a used vehicle. They further allege that the tractor had numerous mechanical problems that Ybar failed to repair and subsequently refused further attempts at repair. The plaintiffs assert breach of contract, breach of warranty, fraud, and violation of the Oklahoma Consumer Protection Act. Ybar moved to dismiss for improper venue. The trial court denied the motion and certified the order as a certified interlocutory order. The petition for review was granted by this Court.

¶3. Venue is not a jurisdictional requirement, but is merely one of procedure. *Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court of Creek County*, 1961 OK 290, ¶21, 368 P.2d 475, 478. Venue refers to the location where a case should be tried, and jurisdiction is the power of a court to decide an issue on its merits. *Atchison, Topeka & Santa Fe Ry. Co.*, 1961 OK 290, ¶23, 368 P.2d 475, 478.

¶4 The venue statute for domestic corporations, 12 O.S.2011, 134, provides:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, *or in the county where the cause of action or some part thereof arose*, or in any county where a codefendant of such corporation created by the laws of this state may properly be sued." [Italics added.]

¶5 The Statement submitted by the trial court, pursuant to Supreme Court Rule 1.52(b), expresses the argument asserted by

YBar that venue is appropriate in Muskogee County. To support this argument YBar states that it is located in Muskogee County, that all the principals live in Muskogee County, and that it does not have "sufficient contacts" with Cleveland County. The Statement continues that the plaintiffs had attached a retail installment sales contract that required the subject tractor to remain in Cleveland County, and that some of the malfunctions had occurred in that county. YBar answered that the sales contract was a financing statement that simply noted two addresses, one of which was the plaintiffs' home address in Cleveland County and the other was the address of the farm in Cherokee County.

¶ 6 The plaintiffs' petition alleges that they telephoned a Tulsa dealer to report their issues with the tractor and problems in receiving service under the warranty. That dealer revealed the tractor was used, not new, so there was no warranty. Terry Van Winkle subsequently telephoned Steve Cook, an agent and representative of YBar, and Cook admitted there was no warranty because the tractor was used.

¶ 7 Section 134 provides for venue in Cleveland County only if one of the plaintiffs' causes of action or some part of it arose in that county. The only argument to support venue in Cleveland County revealed by the original record was that the sales and financing agreement required that the tractor remain in the county of the buyer's address, which is Cleveland County. The trial court found those facts were enough to support venue. A cause of action arises at the time when or the place where the act is done or omitted that gives the plaintiff the cause of complaint. *Lee v. Bates*, 2005 OK 89, ¶ 5, 130 P.3d 226, 229. We do not view the contract's requirement that a tractor be kept in the county of residence to be a part of the cause of action of any of the complaints by the plaintiffs: breach of contract, breach of warranty, fraud, or violation of the Oklahoma Consumer Protection Act. None of the elements of these causes of action is violated by requiring a tractor to be kept in Cleveland County.

¶ 8 The plaintiffs' argue in their answer brief that the basis for their assertion for venue in Cleveland County arises out of and relates to events occurring there. They allege that telephone calls were made from Cleveland County and misrepresentations were heard there. The problem with this argument is, as YBar observes, it was not raised during the venue hearing. The original record does not reveal that the appellees made this argument before the trial court, nor is the argument made in the response to the petition for certiorari. As the Court in the *Lee* case decided, "We choose to confine ourselves ... to the issue raised on certiorari." *Lee*, 2005 OK 89, ¶ 5, 130 P.3d at 229.

¶ 9 Therefore, based on the argument to the trial court, the original record provided, and the certiorari petition and response, we find that venue is not proper in Cleveland County, Oklahoma. Because this is a matter of procedure and not jurisdiction, we instruct that this case not be dismissed, but transferred to the proper venue, which the record reveals is proper in either Cherokee County, where YBar admitted it attempted repairs under the warranty, or in Muskogee County, where the vehicle was sold, the contract was made, and the alleged misrepresentations were made. The trial court shall transfer based on the plaintiffs' choice of venue between those two counties.

REVERSED AND REMANDED WITH INSTRUCTIONS.

CONCUR: REIF, V.C.J., WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ.

CONCURS IN RESULT: KAUGER, J.

DISSENT: COLBERT, C.J. and WATT, J.