OSCN Found Document:VAN WINKLE v. YBAR, INC.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 VAN WINKLE v. YBAR, INC.
2014 OK 12
Case Number: 111527
Decided: 02/25/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 12, __ P.3d __

TERRY VAN WINKLE and JERRY VAN WINKLE, 
Plaintiffs/Respondents,
v.
YBAR, INC. d/b/a Y BAR RENTAL & SALES, an 
Oklahoma Corporation, Defendant/Petitioner.

APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY, 
OKLAHOMA,
HON. TOM A. LUCAS, JUDGE

¶0 The plaintiffs/respondents filed suit against the defendant/petitioner in 
Cleveland County over the purchase of a tractor from the defendant's store in 
Fort Gibson, Oklahoma, which is located in Muskogee County. The plaintiffs 
alleged that the defendant sold the tractor to the plaintiffs and represented 
that the tractor was new. They further allege that the tractor had numerous 
mechanical problems that the defendant failed and subsequently refused to 
repair. The plaintiffs assert breach of contract, breach of warranty, fraud, and 
violation of the Oklahoma Consumer Protection Act. The defendant moved to 
dismiss for improper venue. The trial court denied the motion and certified the 
order as a certified interlocutory order. The petition for review was 
granted.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Justin Meek, and Benjamin Grubb, BASS LAW, Oklahoma City, Oklahoma, for the 
plaintiffs/respondents.
Thomas M. Askew, and Sharon K. Weaver, RIGGS, ABNEY, 
NEAL, TURPEN, ORBISON & LEWIS, Tulsa, Oklahoma, and Brian R. Berry, BERRY 
& OTTERSON, Tulsa, Oklahoma, for the defendant/petitioner.


WINCHESTER, J.
¶1 The issue in this case is the proper venue for this case to be tried. The 
plaintiffs/respondents, Terry Van Winkle and Jerry Van Winkle, assert that venue 
is proper in Cleveland County. The defendant/applicant, YBar, Inc. d/b/a Y Bar 
Rental & Sales, argues that such venue is improper.
¶2 The plaintiffs filed this lawsuit against YBar in Cleveland County over 
the purchase of a tractor from the defendant's store in Fort Gibson, Oklahoma, 
which is located in Muskogee County. The plaintiffs alleged in their petition 
that YBar sold the tractor to the plaintiffs and represented that the tractor 
was new, when it was actually a used vehicle. They further allege that the 
tractor had numerous mechanical problems that Ybar failed to repair and 
subsequently refused further attempts at repair. The plaintiffs assert breach of 
contract, breach of warranty, fraud, and violation of the Oklahoma Consumer 
Protection Act. Ybar moved to dismiss for improper venue. The trial court denied 
the motion and certified the order as a certified interlocutory order. The 
petition for review was granted by this Court.
¶3 Venue is not a jurisdictional requirement, but is merely one of procedure. 
Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court of Creek 
County, 1961 OK 290, ¶ 21, 
368 P.2d 475, 478. Venue refers 
to the location where a case should be tried, and jurisdiction is the power of a 
court to decide an issue on its merits. Atchison, Topeka & Santa Fe Ry. 
Co., 1961 OK 290, ¶ 23, 368 P.2d 475, 478.
¶4 The venue statute for domestic corporations, 12 O.S.2011, § 134, provides:

 
 "An action, other than one of those mentioned in first three sections of 
 this article, against a corporation created by the laws of this state, may 
 be brought in the county in which it is situated, or has its principal 
 office or place of business, or in which any of the principal officers 
 thereof may reside, or be summoned, or in the county where the cause of 
 action or some part thereof arose, or in any county where a codefendant 
 of such corporation created by the laws of this state may properly be sued." 
 [Italics added.]
¶5 The Statement submitted by the trial court, pursuant to Supreme Court Rule 
1.52(b), expresses the argument asserted by YBar that venue is appropriate in 
Muskogee County. To support this argument YBar states that it is located in 
Muskogee County, that all the principals live in Muskogee County, and that it 
does not have "sufficient contacts" with Cleveland County. The Statement 
continues that the plaintiffs had attached a retail installment sales contract 
that required the subject tractor to remain in Cleveland County, and that some 
of the malfunctions had occurred in that county. YBar answered that the sales 
contract was a financing statement that simply noted two addresses, one of which 
was the plaintiffs' home address in Cleveland County and the other was the 
address of the farm in Cherokee County.
¶6 The plaintiffs' petition alleges that they telephoned a Tulsa dealer to 
report their issues with the tractor and problems in receiving service under the 
warranty. That dealer revealed the tractor was used, not new, so there was no 
warranty. Terry Van Winkle subsequently telephoned Steve Cook, an agent and 
representative of YBar, and Cook admitted there was no warranty because the 
tractor was used.
¶7 Section 134 provides for venue in Cleveland County only if one of the 
plaintiffs' causes of action or some part of it arose in that county. The only 
argument to support venue in Cleveland County revealed by the original record 
was that the sales and financing agreement required that the tractor remain in 
the county of the buyer's address, which is Cleveland County. The trial court 
found those facts were enough to support venue. A cause of action arises at the 
time when or the place where the act is done or omitted that gives the plaintiff 
the cause of complaint. Lee v. Bates, 2005 OK 89, ¶ 5, 130 P.3d 226, 229. We do not view 
the contract's requirement that a tractor be kept in the county of residence to 
be a part of the cause of action of any of the complaints by the plaintiffs: 
breach of contract, breach of warranty, fraud, or violation of the Oklahoma 
Consumer Protection Act. None of the elements of these causes of action is 
violated by requiring a tractor to be kept in Cleveland County.
¶8 The plaintiffs' argue in their answer brief that the basis for their 
assertion for venue in Cleveland County arises out of and relates to events 
occurring there. They allege that telephone calls were made from Cleveland 
County and misrepresentations were heard there. The problem with this argument 
is, as YBar observes, it was not raised during the venue hearing. The original 
record does not reveal that the appellees made this argument before the trial 
court, nor is the argument made in the response to the petition for certiorari. 
As the Court in the Lee case decided, "We choose to confine ourselves . . 
. to the issue raised on certiorari." Lee, 2005 OK 89, ¶ 5, 130 P.3d at 
229.
¶9 Therefore, based on the argument to the trial court, the original record 
provided, and the certiorari petition and response, we find that venue is not 
proper in Cleveland County, Oklahoma. Because this is a matter of procedure and 
not jurisdiction, we instruct that this case not be dismissed, but transferred 
to the proper venue, which the record reveals is proper in either Cherokee 
County, where YBar admitted it attempted repairs under the warranty, or in 
Muskogee County, where the vehicle was sold, the contract was made, and the 
alleged misrepresentations were made. The trial court shall transfer based on 
the plaintiffs' choice of venue between those two counties.

REVERSED AND REMANDED WITH INSTRUCTIONS.

CONCUR: REIF, V.C.J., WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, 
JJ.
CONCURS IN RESULT: KAUGER, J.
DISSENT: COLBERT, C.J. and WATT, J.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1961 OK 290, 368 P.2d 475, ATCHISON, T. & S.F. RY. CO. v. SUPERIOR COURT OF CREEK COUNTY
Discussed at Length 2005 OK 89, 130 P.3d 226, LEE v. BATES
Discussed at Length
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 134, Domestic Corporations
Cited