OSCN Found Document:FRYE v. JOHNSON et al

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FRYE v. JOHNSON et al
2025 OK CIV APP 21
Case Number: 120640
Decided: 01/31/2025
Mandate Issued: 07/03/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 21, __ P.3d __

 

WILLIAM FRYE, Plaintiff/Appellant
vs.
REBECCA JOHNSON, MARY LOU WORTMAN, ROBERT "BOBBY"ALLISON, individually and as Co-Personal Representatives of the Mary Lou Shamel Probate and perhaps Co-Trustees of The Mary Lou Shamel Trust, Defendants/Appellees
and
KAHILA, INC., Defendant

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE SHEILA STINSON, TRIAL JUDGE

AFFIRMED

James S. Matthews, Jr., Oklahoma City, Oklahoma For Plaintiff/Appellant

Ryan L. Dean, Madeline M. Marshall, DEWITT, PARUOLO & MEEK, PLLC, Oklahoma City, Oklahoma For Defendant/Appelle Rebecca Johnson

Mark Melton, MELTON LAW FIRM, Davis, Oklahoma For Defendants/Appellees Robert "Bobby" Allison and Mary Jane Wortman

JOHN F. FISCHER, JUDGE:

¶1 William Frye appeals the dismissal of his action filed in Oklahoma County to enforce a settlement agreement arising from litigation in a probate proceeding pending in Murray County, Oklahoma. Because venue for Frye's action was not proper in Oklahoma County, we affirm the district court's Judgment dismissing Frye's action.

BACKGROUND

¶2 This matter concerns the probate of Frye's mother's will which was filed in Murray County, Oklahoma. According to his petition, Frye is a resident of Texas County, Oklahoma. He alleges that a settlement agreement of the contested matters in the probate proceeding resulted from an offer accepted by his attorney "by email and oral communication by telephone in his Oklahoma City Office." His petition filed in this case in Oklahoma County seeks to enforce that agreement.

¶3 The defendants filed motions to dismiss arguing that venue in Oklahoma County was not proper. The district court conducted a hearing at which counsel for all parties argued their positions. At the conclusion of the hearing, the court granted the defendants' motions and dismissed the case. Frye appeals that ruling.

STANDARD OF REVIEW

¶4 A challenge to the venue of the plaintiff's action raises an issue of law governed by the de novo standard of appellate review. Lee v. Bates, 2005 OK 89130 P.3d 226Id.

ANALYSIS

¶5 Frye raises two issues in this appeal. First, he contends that venue was proper in Oklahoma County, and that the defendants' motions were defective because they failed to allege facts to support their improper venue argument and support those allegations with evidence. Second, he argues that dismissal of his case, rather than a stay or transfer of his case, violated due process. Neither argument supports reversal of the district court's order.

I. Allegations in Frye's Petition Establish that Venue
Was Improper in Oklahoma County

¶6 First, "[o]n review of an order dismissing a petition all allegations in the petition are taken as true." Gens v. Casady Sch., 2008 OK 5177 P.3d 565Hiner v. Hugh Breeding, Inc., 1960 OK 194355 P.2d 549Id. And, where the record reflects that the venue chosen by the plaintiff was improper, the district court's ruling will be presumed correct even if the defendant's motion is defective. John Deere Plow Co. v. Owens, 1943 OK 284147 P.2d 149

¶7 Second, Frye's Petition states that he is a resident of Texas County and that he seeks to enforce a settlement agreement allegedly entered into between himself and the co-Personal Representatives of his mother's estate, Mary Lou Wortman and Robert Allison. Frye alleges that Wortman and Allison were also "perhaps co-Trustees" of his mother's trust. Frye also alleges that Allison "is believed to be an affiliate and de jure or defacto [sic] control person of Kahila . . . ." Frye alleges Rebecca Johnson is "believed to have had de facto and/or de jure control" of the Trust, that she was the attorney who advised his mother regarding her will, and the attorney who filed the probate action.

¶8 In his Petition, he alleges: "The settlement agreement was entered into as a result of pending litigation arising from the probate" of his mother's estate. It appears from the Petition that the litigation concerned Frye's interest in property owned by his mother but transferred to the Trust on her death. On appeal, he argues that the settlement agreement would resolve "all issues" he had raised in the probate proceeding concerning the probate of his mother's will and the "challenged elements concerning the Trust."

¶9 Frye does not argue that venue for the probate action was improper in Murray County pursuant to 58 O.S.2021 § 5Hiner v. Hugh Breeding, Inc., 1960 OK 194355 P.2d 549

¶10 In addition, Frye has cited no specific venue statute authorizing the filing of this case in Oklahoma County. Venue is, therefore, governed by the general venue statute, 12 O.S.2021 § 139

¶11 Further, Frye's argument that venue in Oklahoma County is proper because that is where his cause of action arose is meritless. Any breach of the alleged settlement agreement would have occurred in Murray County where property of his mother's estate was not distributed according to the terms of the alleged settlement agreement. "A cause of action arises at the time when or the place where the act is done or omitted that gives the plaintiff the cause of complaint." Van Winkle v. YBAR, Inc., 2014 OK 12377 P.3d 1251Lee v. Bates, 2005 OK 89130 P.3d 226

¶12 Third, Frye argues that venue is proper in Oklahoma County pursuant to 12 O.S.2021 § 14312 O.S.2021 § 134Stevens v. Blevins, a case cited by Frye, "[a] trial court is powerless to alter a plaintiff's choice of statutorily available venue within Oklahoma unless: . . . the case was brought in a county with improper venue." Stevens v. Blevins, 1995 OK 6890 P.2d 936Id. ¶ 5, 890 P.2d at 938 (footnote omitted). No statute cited or referred to by Frye provides that Oklahoma County is the proper venue for this action.

II. Dismissal of Frye's Suit did not Violate Due Process

¶13 Frye's second argument in this appeal is equally meritless. He argues that the district court's decision to dismiss the case rather than to "stay or transfer violated due process." Invoking constitutional principles of analysis, Frye argues there was no "rational basis" for the district court's decision to dismiss his case and that "access to the courts is a fundamental right."

¶14 First, as reflected in the Journal Entry, the district court dismissed Frye's case "without prejudice." Consequently, Frye was not denied "access to the courts." To the extent applicable, he could refile this action in a county which had venue within one year of the dismissal. See 12 O.S.2021 § 100

¶15 Second, presumably attacking the Legislature's "classification" of where defendants can be sued according to Oklahoma venue statutes, Frye has failed to show any constitutional violation with his "rational basis" argument. Anderson v. Eichner, 1994 OK 136890 P.2d 1329

¶16 In the Oklahoma venue statutes, the Legislature has balanced the plaintiff's right to choose the forum for the action with the defendant's general right to be sued in a convenient forum. Frye's constitutional challenge was resolved long ago. See Atchison, T. & S.F. Ry. Co. v. Superior Ct. of Creek Cnty., 1961 OK 290368 P.2d 475

¶17 Third, in his district court briefing and at the hearing on the defendants' motions to dismiss, Frye not only resisted but also objected to the transfer of his case to Murray County, an alternative disposition of their motions that the defendants requested. The district court specifically declined to decide the transfer issue because it dismissed the case for improper venue. Nonetheless, Frye now argues that the district court erred in failing to transfer his case to Murray County. Frye has failed to show the district erred in deciding that disposition of the defendants' transfer request was unnecessary. Even if we were to hold otherwise, Frye has no basis in this appeal to assert error because the district court did not do what he argued it should not do. "A party on appeal is not permitted to secure a reversal of a judgment based on invited error." State ex rel. Oklahoma Bar Ass'n v. Perkins, 1988 OK 65757 P.2d 825

III. Additional Matter

¶18 On page 6 of his brief in chief, Frye's counsel asserts that the district court treated him inappropriately during the hearing on the defendants' motion to dismiss. We have reviewed the hearing transcript and, specifically, the pages cited by Frye's counsel and find this contention absolutely groundless. The record citations reflect that the district court asked Frye's counsel three questions: (1) the factual basis for his claim that opposing counsel was not competent to litigate the probate case, (2) the legal basis for his claim of venue in Oklahoma County, and (3) if he had any case authority to support his contention regarding the "public interest" of retaining the case in Oklahoma County. The fact that Frye's counsel was unable to answer any of these questions to the satisfaction of the district court, or this Court, does not justify his claim of inappropriate treatment during the hearing.

¶19 In fact, the transcript reflects the district court's patience with Frye's counsel during the hearing, despite his regular interruption of the proceedings with unnecessary objections and his disregard of the court's directions on how those proceedings would be conducted. Accordingly, the last sentence of the second full paragraph on page 6 of Frye's brief in chief is stricken.

CONCLUSION

¶20 Frye filed this action in Oklahoma County although he failed to establish any statutory basis for venue in that County. The district court's Journal Entry of Judgment dismissing Frye's case without prejudice is affirmed.

¶21 AFFIRMED.

WISEMAN, P.J., and BLACKWELL, J., concur.

FOOTNOTES

Gladstone v. Bartlesville Indep. Sch. Dist. No. 30 (I-30), 2003 OK 3066 P.3d 442

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105